Julia M. Stefanik, R. N. *vs.* Nursing Education Committee *et al.*

MAY 17, 1944.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Flynn, C. J.   This is a petition for *certiorari* to quash the action of the respondent nursing education committee in recommending that the state's director of health revoke the petitioner's license to practice nursing and annul her registration.   Pursuant to the writ the respondents have made a return to this court of all pertinent records, including a certified transcription of the evidence presented at the hearings

held by the nursing education committee prior to its finding and recommendation.

The following facts, among others, appear from the petition and evidence: Respondent nursing education committee, hereinafter called the committee, existed and functioned by virtue of general laws 1938, chapter 280. The other respondent was the director of health for the state and will be hereinafter called the director. Petitioner was a duly registered nurse and had practiced her profession for about sixteen years. During the period covered by the charges in question she served as a district nurse in the welfare department of the town of North Providence.

Upon receipt of complaints against petitioner, involving several charges of alleged unprofessional conduct, the committee, acting in accordance with §2 of chap. 280, gave her written notice that a hearing would be held on April 14, 1943 to consider charges that she had been guilty of acts derogatory to the morals or standing of the profession of nursing and that she then would be given opportunity to show cause why her license to practice nursing should not be revoked and her registration annulled.

The petitioner accordingly appeared before the committee on April 14 and at the subsequent hearings upon these charges and was at all times represented by counsel. Witnesses appeared, including patients and several duly licensed and practicing physicians, and gave testimony in support of some or all of these charges. The petitioner herself also testified and introduced other witnesses who gave testimony tending to refute such charges. No physician testified in her favor.

During some, if not all, of the hearings, the director apparently sat as a member *ex officio* of the committee as constituted by the statute; but he did not participate in the consideration or vote of the committee when it made its finding and recommendation. The remaining members of the committee, upon consideration of the charges and evidence, found that petitioner was "guilty of acts derogatory to

the morals or standing of the profession of nursing" and voted unanimously to recommend that her license to practice as a registered nurse be revoked as of July 10, 1943, for an indefinite period. The director, by a letter dated June 30, 1943, notified the petitioner that, in accordance with the committee's recommendation, he revoked her certificate to practice professional nursing and annulled her registration as of July 10, 1943, and called upon her to surrender her certificate as provided by the statute. That statute contains no express provision for a review of alleged errors of law in such a decision and the petitioner thereupon brought the present petition for *certiorari*.

The petitioner contends that: (1) The committee's finding is not supported by legally competent or sufficient evidence; (2) the committee did not examine the charges with an open mind, did not act impartially in passing upon them, and did not accord the petitioner a fair and impartial hearing; (3) the director had no authority under chap. 280, §2, to revoke petitioner's license; (4) if the director had such authority petitioner was entitled to a second hearing before him; and that in any event he was prejudiced and disqualified because of his participation in the committee's hearings; (5) petitioner was prejudiced by the committee's action in permitting its legal adviser to act in the dual capacity of prosecutor and judge; (6) petitioner was prejudiced by its action in permitting counsel for complaining witness to direct the examination and cross-examination of witnesses without express permission of proper authorities; (7) the decision and ruling of the respondents deprive petitioner of due process of law in violation of her rights under the constitution of the United States; (8) section 2 of chap. 280 requires judicial or quasi judicial action by the committee which nevertheless acted arbitrarily.

Under the first of these contentions petitioner argues that the recommendation of the committee is illegal because it was not supported by "legally competent or sufficient evidence." This contention appears in part to be based on a

misconception of the law governing *certiorari*. In such proceedings we do not consider the sufficiency of the evidence, that is, its preponderance. Once jurisdiction is established we examine the evidence not to weigh it or pass upon its credibility but merely to determine whether there is any legally competent evidence to support the finding and action in question. *Keenan* v. *Goodwin*, 17 R. I. 649; *Cohen* v. *Superior Court*, 39 R. I. 272; *Lapre* v. *Kane*, 69 R. I. 504.

In the instant case the committee clearly had jurisdiction. Our examination of the record discloses some legal evidence, particularly from persons who had received and paid for nursing services rendered by petitioner, which tends to support her claim that she was efficient and was not guilty of the charges as made. But there is also legal evidence from other persons, who were not in the category of paying patients, which shows that the petitioner, in several instances and at different times and places, called upon patients without the knowledge or consent of their doctors and without invitation from the patients; that on certain occasions she, in effect, told patients that the doctor's diagnosis was wrong, and gave her own diagnosis and instructions to be followed by the patient notwithstanding certain different treatments or prescriptions as ordered by the doctor; that she had voluntarily and officiously interfered in matters that concerned the private lives and affairs of patients and their families, which matters were entirely beyond the proper scope and ethics of her professional calling; that she, as a public nurse, had used unwarranted and unprofessional language in criticizing patients, members of their families and doctors, thus tending to promote friction between doctors and their patients.

The petitioner categorically denied most of this testimony. In some cases her explanation of the circumstances was far different from that of other witnesses, and in one case she admitted changing the doctor's prescription and direction, but attributed it to a misunderstanding. The doctor, however, gave testimony which showed that there was no reasonable basis for any such misunderstanding; and other doctors

testified to certain instances within their own experience which would support a finding that petitioner was in the habit of dealing with certain patients in her own way, regardless of the doctors' diagnoses and directions.

For our purposes it is sufficient to point out that there was a sharp conflict upon the material evidence from which the committee under the law had to make its finding. The credibility of the witnesses and the sufficiency, or preponderance, of the evidence were matters for them to consider, but are not before us in this type of proceeding. We cannot say, from our examination of the record, that there was no legal evidence to support the committee's finding and recommendation.

The petitioner's second, fifth, sixth and eighth contentions as above mentioned allege different grounds for her general contention that the committee was biased and arbitrary and failed to give her a full and fair hearing under the law. We have examined the record and, in our opinion, none of these contentions has any foundation or justification in fact and therefore they are without merit.

Petitioner's third contention is that chap. 280 gives no express authority to the director to revoke a nurse's license and that this omission can properly be supplied only by the legislature and not by judicial construction. The director contends substantially that he has such authority by necessary implication from the express language in the statute. In our opinion, the director's argument is correct.

Section 2 of the statute expressly provides in part that the committee "shall refer to the director of public health any recommendation to revoke the certificate and annul the registration of any nurse for gross incompetency, dishonesty, or any habit or act derogatory to the morals or standing of the profession of nursing." It next provides for due notice and hearing on charges before the committee may make such a recommendation; and then proceeds immediately in the same paragraph to specify what shall be done by the

nurse and the secretary of the committee "upon the revocation of any certificate."

By thus limiting the committee's authority to a mere *recommendation* to the director that a certificate *be revoked* and by immediately prescribing certain action by the nurse and secretary *upon the revocation* of any certificate, it seems clear to us that the director's authority to revoke, after such hearing and recommendation, is necessarily to be implied from the express terms of the statute. Otherwise this part of the section of the statute would be wholly ineffectual and without any reasonable purpose.

Our conclusion as above stated is consistent with well-established rules of statutory construction and is further confirmed by a consideration of the history of this statute. When all pertinent chapters are read in sequence, having in mind the purpose and express language of this statute, the case is clearly and properly one for statutory construction by the court and does not require "judicial legislation," as contended by the petitioner.

The fourth contention is that, even if the director had such authority, he was nevertheless disqualified from exercising it because he had participated in the hearings of the committee; and further that before acting he was required to hold a second hearing at which the petitioner was entitled to be represented. The director is made a member *ex officio* of the committee by the express provision of the statute. Therefore he had the legal right to sit with the committee, whose authority was limited to a recommendation. Apart from his mere membership on the committee and presence at the hearings, the record discloses no claim or evidence to justify a finding of any personal or other disqualification of the director.

The statute and facts in the instant case are so obviously different from those appearing in *Clark* v. *Alcoholic Beverage Commission,* 54 R. I. 126, and *Narragansett Racing Ass'n, Inc.* v. *Kiernan,* 59 R. I. 79 and 90, and other cases relied on by petitioner, as to make such cases not in point. Nor do we

find anything in the language of chap. 280 which justifies, expressly or by implication, the petitioner's contention that the director was required to grant her a second hearing before he could act validly upon the committee's recommendation. The petitioner relies on *Round* v. *Manning*, 69 R. I. 354, to support this argument; but she completely misconceives the point at issue and the decision therein. That case involved a question of the director's jurisdiction over a particular fraud as expressly set forth in another statute and not any alleged right to have a second hearing before the director after a proper board had performed its duty under the statute here.

Petitioner's seventh contention is to the effect that she was deprived of property rights in her license without due process of law, in violation of the fourteenth amendment of the constitution of the United States. We find nothing in the record which could reasonably justify such a contention.

A consideration of the record leads us to the conclusion that the hearings before the committee were conducted in accordance with the provisions of the statute and in a fair and impartial manner; that there was legal evidence to support the committee's finding and recommendation; that in making such finding and recommendation it did not act unreasonably and arbitrarily, as contended by the petitioner; and that the action of the director in the circumstances was not illegal and did not exceed his jurisdiction under the law.

The prayer of the petition for relief is denied.

*Albert L. Rosen,* for petitioner.

*John H. Nolan,* Atty Gen., *A. Norman LaSalle,* Asst. Atty. Gen.

*John H. DiStefano, William H. McSoley,* for respondents.