208 A.2d 387.

VICTOR SANTOS *vs.* CITY COUNCIL OF THE CITY OF EAST PROVIDENCE.

MARCH 24, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J.  This is a petition for certiorari brought to review the action of the respondent city council when on March 16, 1964 it revoked the victualer's license issued to the petitioner in December 1963.  The writ issued, and pursuant thereto the respondent has certified to this court the record of that proceeding.

The record reveals that petitioner had operated a cafe and restaurant under the name of Vic's Cafe in licensed premises located at 12 Water street.  It is not disputed that during October and November of 1963 the inspector of health inspected the premises on three occasions and found conditions which he considered to be unsanitary.  Accord-

ing to the inspector, he directed the attention of petitioner thereto, who agreed to correct them if he was unable to move the business to another location. According to respondent, the pertinent victualer's license had been renewed and issued to petitioner in December 1963 on the basis of such an understanding.

The petitioner continued to operate the business at the Water street location, and on January 20, 1964 the inspector of health again inspected the premises and thereafter filed a report with the city director of health recommending a revocation of the license. The record discloses that the director of health concurred in this recommendation and that a hearing thereon was held by the city council on March 16, 1964. The petitioner was represented by counsel, and at the conclusion thereof the city council voted to revoke his license.

It is settled that this court, reviewing the action of a subordinate tribunal by way of certiorari, does not undertake to pass upon the weight of the evidence upon which the lower tribunal based its decision. In such circumstances we examine the record only for the purpose of determining whether the decision or ruling was based upon legally competent evidence and, where that is so, our further consideration is limited to requiring such tribunal to remain within the jurisdiction conferred upon it by the legislature. *Lombardo v. DiSandro,* 81 R. I. 393; *Stefanik v. Nursing Education Committee,* 70 R. I. 136. The issue then to which we now direct our attention is whether the city council was acting within its jurisdiction and upon legally competent evidence to establish cause for its action when it revoked petitioner's license.

Authority to license and to regulate victualing houses has been delegated by the legislature to the various municipalities. G. L. 1956, §5-24-1, provides, in pertinent part, that town councils are authorized "to regulate the keeping

of taverns, victualing houses * * * by granting licenses therefor, upon such compensation for the benefit of the town as they shall see fit to impose, or by refusing to grant them." It is further provided in §5-24-2 that such licenses shall issue to specified persons and identify the building or room in which the business shall be pursued and that they "shall continue and be in force until the first of December, unless sooner revoked for cause." The basic argument of petitioner in the instant case is that there is no legally competent evidence in the record which would constitute cause for the revocation of the license within the meaning thereof as set out in §5-24-2.

We are of the opinion, however, that legally competent evidence tending to establish cause for revocation was adduced through the testimony of the health inspector, John R. Brennan. He testified that he had visited the premises on three different occasions in the fall of 1963 and described them in general terms as constituting an "eyesore" and, in his opinion, offensive to the aesthetic senses. He described the kitchen as unclean with an open pipe leading from the sink to an opening that led either to a sewer or a cesspool and the sink and kitchen utensils being dirty. He further testified that the grill upon which cooking was done was dirty and covered with grease as were pans used for cooking and the table silverware; that overflowing water had accumulated on the floors of the lavatories causing them to be wet and unclean; that refrigeration of foodstuffs was inadequate but conceded he had never observed any person eating within the premises; and that on his inspection of January 20, 1964 conditions remained the same and no attempt had been made to clean up the premises.

The petitioner, as we understand him, admits the existence of the conditions to which the inspector testified, but to show cause for revocation within the meaning of said §5-24-2, he argues, requires a showing of the service of un-

healthy or unsanitary food or drink or unsanitary preparation of food or the facilities for serving food. It is to be conceded that a showing of such conditions would warrant a revocation of a victualer's license. It does not follow, however, that cause for revocation is so restricted. So to construe the purpose of the pertinent statute would unduly circumscribe the authority of the city council to exercise the power to regulate such businesses conferred upon it in §5-24-1.

In our opinion, the legislature intended to confer upon town councils a broad power to regulate the operation of places catering to the needs of the public for food and drink to the end that the public interest in health and welfare would be subserved. Such authority to regulate must of necessity include the right to revoke a license where it is determined that there has been a failure to maintain the premises and equipment used therein in a condition of cleanliness and wholesomeness consistent with the public interest. We are convinced that the public health and welfare would be as adversely affected by dereliction in maintaining sanitary conditions within the premises as it would be by the service of impure or adulterated food products.

The petitioner here, in operating his cafe under the license issued him by the city council, is in effect holding out to the public that his conduct of that business is subject to regulation by the appropriate public authorities and that his retention of possession of such a license evidences that his operation thereof is in compliance with the regulations so established. When he fails to operate his business in conformity with these regulations and does not observe even ordinary and minimal standards of cleanliness and sanitation, the city council has not only the right but the duty to withdraw the license pursuant to which he purports to conduct that business. In other words, we are of the opinion that cause within the meaning of §5-24-2 may be established on a showing of any failure to comply with

such ordinary standards of cleanliness and sanitation as are reasonably necessary to protect the public interest in its health and welfare. We conclude, therefore, that the revocation here was for cause and is supported by competent evidence contained in the record.

There is no merit in the contention of petitioner that the city council is estopped from revoking his license because in December 1963 it had issued a renewal thereof while the conditions to which the health inspector testified existed, the reason being that we see in the record no disclosure of any representation by or conduct of the city council upon which petitioner could reasonably claim to have relied to his disadvantage. *Lichtenstein* v. *Parness*, 81 R. I. 135.

Nor do we perceive any merit in the petitioner's argument that the city council did not vote to revoke his license. It appears from the record that a motion to revoke his license was duly made and seconded, that the presiding officer thereupon asked for objections, and that none was apparently made. However, the record is devoid of anything tending to establish that the council was not polled in some manner satisfactory to the presiding officer, for he on the record declared the motion carried. The failure of the petitioner to make some objection or protest then and there is strongly persuasive that the council was polled in some manner that was satisfactory to the petitioner at that time.

The petition for certiorari is denied and dismissed, the decision of the respondent city council is affirmed, and the record which has been certified to this court is ordered returned to the respondent city council with our decision endorsed thereon.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.

*Clifford J. Cawley,* City Solicitor.