DECISION
This case is before this Court on appeal from a Final Decision and Order issued by the Department of Environmental Management (DEM) against the plaintiffs, Tammie Parkhurst and Mitchell Parkhurst (plaintiffs), finding that the plaintiffs had violated G.L. 1956 § 2-1-21. The plaintiffs now appeal from that part of the Order requiring them to restore the freshwater wetlands and to pay an administrative penalty in the amount of $1,250. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
Facts/Travel
The plaintiffs are the owners of a parcel of land identified as Assessor's Block 2, Lot 139 in Burrillville, Rhode Island. (3/22/93 Tr. at 5.) The plaintiffs purchased the property in 1988 as tenants by the entirety. Id. at 8. In 1989, the plaintiff, Mitchell Parkhurst prepared the land for the construction of a garage type of barn structure. Id. at 8. In 1990, Mitchell Parkhurst constructed a garage. Id. On June 4, 1990, the DEM Division of Freshwater Wetlands received a letter from David M. Tyler, a DEM conservation officer, but written in his capacity as chairman of the Burrillville Conservation Commission, alleging multiple violations of the Freshwater Wetlands Act on at least seven different parcels of property in Burrillville. Id. at 146-147. As a result of these allegations, the Division of Freshwater Wetlands inspected property owned by the plaintiffs on October 18, 1990. See DEM Exhibit 7.
On November 19, 1990, the Division of Freshwater Wetlands issued a Notice of Violation and Order ("NOVAO") to the plaintiffs for alterations of freshwater wetlands without approval of the Director of the Division of Freshwater Wetlands in violation of R.I.G.L. § 2-1-21. Id. The plaintiffs were cited specifically for the construction of a garage, as well as filling, grading and soil disturbance within a swamp and its associated fifty foot (50') perimeter wetland. Id. The NOVAO directed the plaintiffs to (1) cease and desist immediately from any further alterations of the wetlands; (2) restore the swamp to its state as of July 16, 1971 insofar as possible; (3) restore the fifty foot (50') perimeter wetland to its state as of May 9, 1974 insofar as possible; (4) contact the Department prior to initiating any restoration work in order to obtain proper supervision from the Department; and (5) pay an administrative penalty in the amount of two-thousand (2,000.00) dollars. Id.
On December 3, 1990, the plaintiffs filed a request for an adjudicatory hearing. See DEM Exhibit 8. On June 4, 1992, at a pre-hearing conference, the plaintiffs stipulated that they had altered freshwater wetlands without the permission of the Division of Freshwater Wetlands. See 6/11/92 Pre-hearing Conference Record. The Division of Freshwater Wetlands filed a motion for partial summary judgment which was granted on July 14, 1992 and entered as a final administrative order on July 20, 1992.
In November 1992, the Parkhursts filed a motion to vacate the partial summary judgment on the grounds of excusable neglect pursuant to R.C.P. 60 (b). On February 26, 1993, the motion to vacate summary judgment was granted in part as to the issue of restoration; in addition a hearing was ordered as to the remaining issues of restoration and administrative penalty. See
March 3, 1993 Agency Order.
On March 22, 1993, a hearing was held before hearing officer McMahon of the Administrative Adjudication Division (AAD). (3/22/93 Tr.) The Division called Mitchell J. Parkhurst and Harold Ellis, the enforcement supervisor of the DEM Freshwater Wetlands Program as witnesses (3/22/93 Tr.) Counsel for the Parkhursts called Mitchell J. Parkhurst, Tammie J. Parkhurst, and David M. Tyler, a conservation officer employed at DEM, as witnesses. The purpose of the hearing was to consider and determine the issues of restoration and assessment of administrative penalty. See Page 6, 12/24/93 Decision and Order. At the hearing, the Parkhursts asserted the Division of Freshwater Wetlands was advised of the alleged wetlands violation months before the garage structure was actually built, and if they had known that the were violating statutes and regulations protecting the freshwater wetlands they would not have built the garage. (3/22/93 Tr. at 157-164) Consequently, at the hearing the Parkhursts asserted the defense of laches. Id. In addition, the Parkhursts also set forth their financial condition as a factor to be considered in the assessment of an administrative penalty.Id.
On December 13, 1993, hearing Officer McMahon issued her recommended Decision and Order. This recommended decision became final on December 24, 1993, when it was signed by the director of DEM without modification. The decision held that the Parkhursts must comply with the restoration order as set forth in the NOVAO and completely restore the subject wetlands, as well as pay a total administrative penalty in the amount of one-thousand two hundred and fifty ($1,250.00) dollars. See Page 25, 12/23/93 Decision and Order.
On appeal, the plaintiffs argue that the agency's final decision and order should be overturned based upon an error of law. The Parkhursts contend that because the Division of Freshwater Wetlands failed promptly to inspect the Parkhursts' property upon notice of an alleged violation, the agency's delay caused the Parkhursts to suffer great disadvantage. It is the appellants' contention the defense of laches should apply.
Standard of Review
The review of a decision of an administrative agency by this Court is controlled by R.I.G.L. § 42-35-15 (g), which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept. ofEmployment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflict of Interests Commission, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island Public Telecommunications Authority. etal. v. Rhode Island Labor Relations Board. et al., 650 A.2d 479, 485 (R.I. 1994).
Estoppel
In the instant appeal, the Director of DEM, pursuant to authority granted to him under the Wetlands Act (§ 2-1-18 et.seq.), ordered the plaintiffs to restore the wetlands that were altered without authorization and to pay a penalty for the violations. The ultimate purpose of the Wetlands Act is to protect the wetlands "from random, unnecessary, and/or undesirable drainage, excavation, filling, encroachment or any other form of disturbance or destruction." G.L. 1956 § 2-1-18; seealso Wood v. Davis, 488 A.2d 1221, 1224 (R.I. 1985). This purpose is achieved in part by requiring approval by the Director of the Division of Freshwater Wetlands prior to the alteration of any freshwater wetland. See § 2-1-21 (a). The Act also provides the Director with enforcement power by granting the Director the authority "to order complete restoration of the freshwater wetland area . . . [and to assess] a fine of up to one thousand dollars for each violation." G.L. 1956 § 2-1-23; see also G.L. 1956 § 42-17.62. Clearly, the Director possesses the statutory authority to order full restoration of the wetland as well as the power to assess an administrative penalty. However, the appellants contend that the Division of Freshwater Wetlands failed promptly to inspect their property and notice them with a NOVAO, thus resulting in their "great disadvantage."
When the doctrine of estoppel is asserted against a governmental agency, this Court must remain mindful of both the problems encountered by the petitioner as well as the public interest involved. Lerner v. Gill, 463 A.2d 1352, 1363 (R.I. 1983). The doctrine is to be invoked only in those instances in which justice so requires. Id. The Court has applied the doctrine of equitable estoppel against administrative and municipal authorities. Greenwich Bay Yacht Basin Assoc. v. Brown,537 A.2d 988, 991 (R.I. 1988) (citations omitted.) The doctrine has been specifically invoked with regard to the issuance and revocation of certificates, licenses, and zoning regulations. See, Defalcov. Voccola, 557 A.2d 474 (R.I. 1989); Town of Glocester v.Olivo's Mobile Home Court Inc., 300 A.2d 465 (R.I. 1973); Santosv. Town of East Providence, 208 A.2d 387 (R.I. 1965).
Generally, the defense of laches does not apply when the government sues a private party to assert a public right.O'Reilly v. Town of Glocester, 621 A.2d 697, 703 (R.I. 1993) (citing Violet v. Picillo, 648 F. Supp. 1283, 1295 n. 10 (D. R.I. 1986). Laches is an equitable defense that precludes a lawsuit by a plaintiff who has negligently sat on his or her rights to the detriment of a defendant. Id. at 702 (citing Fitzgerald v.O'Connell, 120 R.I. 240, 245, 386 A.2d 1384, 1387 (1978)). When considering the defense of laches, this Court must apply a two-part test. Id. First, there must be negligence on the part of the plaintiff that leads to a delay in the prosecution of a case.Id. Second, this delay must prejudice the defendant.Id. The defense of laches can be successfully applied when unexplained and inexcusable delay have the effect of visiting prejudice on the other party. Hyszko v. Barbour, 448 A.2d 723, 727 (R.I. 1982). Laches should not operate as a defense in cases of public interest for two reasons:
 "(1) The importance of rights at stake when the interests of the public are asserted and
 (2) the determination that those rights cannot be compromised or forfeited by the negligent or illegal acts of public officials who fail to carry out their government obligations." O'Reilly v. Town of Glocester, 621 A.2d at 703 (R.I. 1993) (citing Student Public Interest Research Group of New Jersey v. P.D. Oil and Chemical Storage. Inc., 627 F. Supp. 1074, 1085 (D.N.H. 1986)).
The appellants contend that since the Division of Freshwater Wetlands received notice from the Burrillville Conservation Commission concerning allegations of wetlands violations around or about June 4, 1990, and did not act until October 1990, after the appellants "unknowingly" constructed a garage in freshwater wetland, the Division acted negligently. The appellants do not address the fact the Division acts to protect the public interest in regulating the wetlands. The appellants also assert that the Division's delay caused the appellants to suffer a great disadvantage. The appellants do not illustrate exactly how this lapse of time worked to their disadvantage. The record reveals that Mr. Ellis explained that the reason for the Division of Freshwater Wetlands' delay was that the department had over "a thousand complaints yet to investigate" with only three people doing the investigating. (3/22/93 Tr. at 33). However, the hearing officer in the instant appeal found that Mr. Ellis provided a sufficient explanation for the delay in investigating the allegations of wetlands violations; thus the Division did not act negligently. See December 24, 1993 Decision and Order. In addition, the hearing officer found and the record supports that the Parkhursts did not show unusual or extraordinary circumstances nor the affirmative misconduct necessary to obtain equitable estoppel against a government agency. Id.
After carefully reviewing the record, including the testimony of David Tyler and Harold K. Ellis, this Court finds that the Decision and Order of DEM is supported by substantial evidence and is not affected by error of law. Substantial rights of the plaintiffs have not been prejudiced. Accordingly, this Court affirms the December 24, 1992 Decision and Order of the Department of Environmental Management.
Counsel shall submit an appropriate order for entry.