IDA FISHER, *Ex'x, vs.* BOARD OF REVIEW OF DEPARTMENT OF EMPLOYMENT SECURITY *et al.*

JUNE 30, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition brought by Ida Fisher, executrix of the estate of Harry Fisher, late of the city of Provi-

dence, deceased, praying that benefits may be allowed his estate under the provisions of the Rhode Island temporary disability insurance act, general laws 1956, chapters 28-39 to 28-41 inclusive, for the period from February 10 to March 31, 1959 inclusive.

On May 25, 1959 the director of the division of temporary disability insurance denied the application for disability compensation on the ground that the claimant was ineligible for benefits for the period in question. An appeal was taken by petitioner herein and on June 25, 1959 a hearing was held before the board of review of the department of employment security. Thereafter by a two-to-one vote the board sustained the decision of the director. The instant petition was then filed in the superior court. Following a hearing thereon a decree was entered reversing the decision of the board of review. The reasons given by the trial justice for his decision are not before us, but the decree directed respondents to pay to petitioner the sum of $210 representing temporary disability insurance benefits for the period from February 10 to March 31, 1959. From this decree respondents appealed to this court.

The facts are undisputed. Harry Fisher was engaged in the real estate business. In 1945 he organized the Crescent Realty Corporation of which he was the sole stockholder until 1951. In that year he began to divest himself of his stock in the corporation and in 1957 all of such stock was owned by his son Sidney G. Fisher. Harry Fisher was treasurer and an employee of the corporation, from which he received a weekly salary of $60 to the time of his decease on March 31, 1959. Until December 1957, when he suffered a heart condition, he was active as superintendent in the management of the business of the corporation, handling the rentals and managing the property. Thereafter he was inactive in the business and was at times hospitalized. However, he retained his position as treasurer up to the time of

his death. Hereinafter Harry Fisher will be referred to as the decedent.

The question is, was decedent in the circumstances as stated, eligible for benefits under the Rhode Island temporary disability insurance act? G. L. 1956, §28-39-1.

An earlier act, public laws 1942, chap. 1200, was known as the Rhode Island cash sickness compensation act. From a reading of the provisions therein it is clear that this act was designed to provide compensation for an individual for his wage losses due to unemployment caused by sickness. By P. L. 1951, chap. 2841, the act became known as the Rhode Island temporary disability insurance act.

The director of the division of temporary disability insurance denied the benefits on the ground that decedent did not have any wage credits, since the payments received from the corporation during the benefit year incident to the last filing were not wages as defined under the law. On appeal the board of review in effect raised the same question considered by the director when it decided that the claim should be denied, that is, it found that the $60 a week paid to decedent since December 5, 1957 when he became incapacitated was not wages as defined in the Rhode Island temporary disability insurance act. This act declares that the word "Wages" shall have the same definition as contained in chap. 28-42, with a proviso unnecessary to consider here. Section 28-42-3 (17) states, " 'Wages' means all remuneration paid for personal services * * *."

It is conceded that decedent up to the time of his death was paid $60 weekly. The respondents contend that the amounts paid did not constitute wages as above defined in that no personal services were performed as a basis for remuneration, and that actually the payments made were inspired by other considerations best known to the corporation.

The petitioner argues that the weekly payments made to decedent were wages, and she attempts to support her posi-

tion by asserting that such payments were made by virtue of an agreement between decedent and the corporation. She concedes there was no express agreement, but states that all the circumstances show an implied agreement to pay currently for services performed in the past over and above what were compensated for at the time.

We take a different view from that expressed by either side. In our opinion the money paid each week was for services currently rendered. The decedent remained treasurer up to the time of his death. It is admitted that he was most zealous in organizing the corporation and afterward in promoting its interests. There is evidence that he insisted on going to the office when he was physically unable to do so. Notwithstanding the evidence that he was unable to perform his regular services after December 5, 1957, the reasonable inference therefrom is that his name as treasurer of the corporation was a genuine asset and that he still made a vital contribution of a tangible nature to the corporation until his death. The mere fact that he was the treasurer of a family corporation does not lessen the justice of his position that he was entitled to remuneration as treasurer and for services performed as such.

We hold that, in the circumstances of this case, from February 10 to March 31, 1959 inclusive decedent was sick within the meaning of the statute because he was unable to perform his regular services. G. L. 1956, §28-39-2 (14).

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

### ON MOTION TO REARGUE.

#### JULY 12, 1960.

PER CURIAM. After our opinion in the above case was filed, the respondent Board of Review of Department of Employment Security asked and received permission to present a motion for leave to reargue. Pursuant thereto it

has filed such a motion, stating therein certain reasons on which it bases its contention that justice requires a reargument of the case.

We have carefully considered those reasons and we are of the opinion that they are without merit.

Motion denied.

*Melvin L. Zurier,* for petitioner.

*Marshall B. Marcus,* for respondents.