GREGOR MASYK *vs.* ANTHONY R. PARSHLEY *et al.*

APRIL 24, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is a petition for certiorari brought to review a decision of the personnel appeal board of the division of personnel administration denying an appeal taken by the petitioner from an order of an appointing authority terminating his employment as a senior physician at the Dr. Joseph H. Ladd School, an institution operated by the department of social welfare. The writ issued, and pur-

suant thereto the respondent board has certified to this court all the records in the case.

It appears therefrom that petitioner, having the status of a temporary employee, was employed by the department of social welfare to perform medical services at the Dr. Joseph H. Ladd School from November 1955 until this employment was terminated on February 28, 1961 by the order that is the subject matter of the instant appeal. It further appears from the record that petitioner had practiced medicine at the school pursuant to authority conferred upon him by a certificate of limited registration issued under the provisions of G. L. 1956, §5-37-16. Such a certificate of limited registration under the terms of the statute may be revoked by the division of professional regulation of the department of health at any time. Such a limited registration permits the recipient thereof to practice medicine in a hospital or institution specified therein and outside of such an institution only for the purpose of treating persons accepted as patients by that institution and then "under the supervision of one of its medical officers who is a duly registered physician * * *."

The petitioner was dismissed from his employment on February 28, 1961 on the ground that his dismissal was for the good of the service and for lack of essential requirements. On that same day he was notified in writing of the revocation of his certificate of limited registration to engage in the practice of medicine. The reason stated for this revocation was the refusal of the duly registered physician who had been supervising his activities under his certificate of limited registration to continue such supervision. It is not disputed that thereafter petitioner took and perfected an appeal to the respondent board pursuant to the terms of the statute relating to such appeals then in effect. That statute, G. L. 1956, §36-4-42, read in pertinent part: "Any person who feels aggrieved by an action of an appointing authority resulting in * * * or dismissal * * * may * * * ap-

peal in writing to the personnel appeal board for a review or public hearing."

Subsequent to the taking of this appeal by petitioner here the legislature amended §36-4-42 so as to limit the appeal contemplated therein to those employees in the classified service who had acquired either a probationary or a permanent status. In its amended form the statute reads in pertinent part: "Any person with probationary or permanent status who feels aggrieved by an action of an appointing authority * * *" may take the appeal to the board of personnel appeals "for a review or public hearing." This amendatory legislation took effect on April 12, 1961.

In August 1961 the board, apparently having concluded that petitioner's appeal had not been vitiated by the amendatory legislation of April 12, notified him in writing that it would "give Dr. Gregor Masyk a preliminary review prior to a Public Hearing on Thursday, August 10, 1961 * * *." It is not disputed that pursuant to this notice petitioner and his counsel conferred with the board of appeals, counsel for the department of health, and the administrator of the division of professional regulation, hereinafter referred to as the division.

It appears from the record that at that meeting a thorough examination was made of the circumstances surrounding the dismissal of petitioner. It is clear therefrom that the board concluded that the validity of the dismissal depended primarily upon the question of whether petitioner lacked an essential requirement for his employment, that is, a certificate of limited registration authorizing him to engage in the practice of medicine at the school. Equally clear therefrom is the board's recognition that it lacked jurisdiction to inquire into the propriety of the division's action in revoking petitioner's certificate of limited registration and that any right of petitioner to have that action reviewed would arise from the provisions of G. L. 1956,

chap. 37 of title 5, which chapter relates to the regulation of the practice of medicine. The administrator of the division thereupon informed the board that an appeal procedure was available to petitioner and that any decision made pursuant thereto was appealable to the superior court pursuant to §5-37-7. The board thereupon continued the instant case pending a prosecution of such an appeal by petitioner, the continuance being subject to "no qualification and no prejudice."

It is not disputed that on September 20, 1961 the board of examiners in medicine of the division held a hearing on petitioner's appeal from the revocation of his certificate of limited registration. Thereafter in a letter to the board dated October 18, 1961 the administrator of the division informed the respondent board that the board of examiners in medicine had decided that it "cannot and should not question or overrule" a duly registered physician's decision that he would not continue to supervise the activities of one holding a limited registration, and for that reason it denied petitioner's appeal. On October 31, 1961 the board notified petitioner of the decision of the board of examiners in medicine and, in substance, stated that it therefore found him to be without an essential requirement for the position from which he had been dismissed and denied the appeal here under consideration.

The contention of petitioner in this court is predicated on the view that he takes concerning the validity of his appeal from the order of dismissal. He asserts that he is entitled as of right to have the appeal heard and determined because it vested in him prior to the effective date of the amendatory legislation and therefore was not vitiated by that enactment. Thus positing a valid appeal, he argues that under the pertinent provisions of the statute he was entitled to have a review or public hearing on the order of dismissal and that, the board having decided his appeal

without either a review or a public hearing, the decision is illegal.

The respondent board, on the other hand, argues that the appeal taken by petitioner was vitiated by the amendatory legislation. It supports this contention by reference to our holding in the recently decided case of *Rounds* v. *Parshley*, 94 R. I. 99, 178 A.2d 444. However, in our opinion the decision in that case is not in point inasmuch as the appeal that was being considered therein by this court had been taken after the effective date of the enactment of the amendment. This argument of the respondent board would raise a question as to the retrospective operation of the amendatory statute, that is, whether an appeal taken prior to the date of its enactment would be affected thereby. But because of the posture in which this case is presented to us, we are of the opinion that such a question need not be answered for the reason that it is clear from the record that the board on August 10, 1961 did conduct some sort of appellate proceeding relative to the appeal of petitioner. If we assume without deciding that the status of petitioner's appeal was such as to warrant such action on the part of the board, it is our opinion that the review thus made of the order of dismissal constituted a substantial compliance with the terms of the statute relating to a review or public hearing and that therefore no error inhered in the decision resulting therefrom.

The instant statute in its terms confers upon those employees who come within its purview the right to have the validity of a challenged action of an appointing authority passed upon by the board in an appellate proceeding. The appellate proceeding contemplated by the legislature may take the form of either a review or a public hearing. The phrasing of the statute in the disjunctive is significant of a legislative intent to give the board a broad discretion as to which of the prescribed appellate proceedings is appropriate for use in a given case. It is our opinion that when

the board in an exercise of this discretion finds that the challenged action patently was not arbitrary, discriminatory, or unfair, it has by such a review of the case sufficiently served the ends of a merit system and should not be required, after so concluding, to undergo the burden and expense of conducting a public hearing on the same question.

This court is cognizant of the benefits that accrue when employment in the public service is subjected to the control of merit system legislation. These systems are designed to prevent the removal of employees from the public service other than by a resort to a fair and impartial procedure for separation therefrom. It is for this reason that such legislation usually deprives appointing authorities of the right to arbitrarily remove an employee from the public service, a right that the authorities possess in the absence of such legislation. See *Smith* v. *Highway Board*, 117 Vt. 343.

There inheres in the concept of civil service, however, a purpose that is paramount to the interests of those employed in the public service in employment security. The overriding purpose of this legislation is to secure an efficient public service for the benefit of the people as a whole. Usually to accomplish that end such statutes are held to be subject to the rule of liberal construction. The rule, however, will not warrant the thwarting of express legislative direction by a resort to judicial construction of the terms thereof. The purpose of legislation of this nature has been stated by Chief Justice Vanderbilt of the New Jersey court, who said in *Borough of Park Ridge* v. *Salimone*, 21 N. J. 28, at page 44: "We must bear in mind that the primary object and the purpose of the civil service law is to secure for government, state, county and municipal, efficient public service in all its many functions. The welfare of the people as a whole, and not specifically or exclusively the welfare of the civil servant, is the basic policy underlying the law; * * * and to effectuate that policy it has long been recog-

nized that the statutes must be liberally construed * * *. But a liberal policy of construction is still no license to disregard the clear meaning of the law as to the basic purpose sought to be accomplished by the statutes, and any doubt on this score must be resolved in favor of the express provisions of the statutes * * *."

When the pertinent provisions of our statute are viewed in the light of the purpose to which Judge Vanderbilt refers, it is apparent that the legislature intended to authorize the board to hear and determine an appeal pursuant to either of the two appellate proceedings specified therein, the circumstances of the case dictating to which of such proceedings resort should be made. Where it appears on such an appeal that no substantial controverted fact issue has been raised therein, it is our opinion that a review of the record by the board will constitute a sufficient compliance with the statutory requirement. The instant appeal clearly raises no controverted issue of fact.

It was not disputed that petitioner's certificate of limited registration had been revoked by the division, nor was it disputed that without such a certificate petitioner lacked an essential requirement of the employment. The record established, in our opinion, a valid ground for the issuance of the dismissal order by the appointing authority, and therefore no error inhered in the action of the board in dismissing petitioner's appeal.

It is clear from the tenor of petitioner's argument that he questions the merit of the division's action in revoking his certificate of limited registration to practice medicine. The validity of that action, however, as we have already noted, was not a matter within the jurisdiction of the respondent board. Neither is it a matter that properly may be reviewed by this court on the instant petition for certiorari. In this case we are proceeding pursuant to the common-law writ of certiorari and, absent some unusual circumstance, the common-law limitations of the writ will be

observed. In such circumstances the office of the writ is confined to a review of errors of law appearing in the record of a judicial or quasi-judicial proceeding. *Godena* v. *Gobeille,* 88 R. I. 121, 125.

Neither will this court, when proceeding under the common-law writ of certiorari, weigh the evidence upon which the lower tribunal based its decision. It suffices if there is in the record competent evidence tending to support that decision. It is clear that in the instant case there is competent evidence in the record establishing the petitioner's lack of an essential requirement to perform the duties of the position from which he was dismissed, and in such circumstances the decision must be sustained. *General Products Co.* v. *Superior Court,* 81 R. I. 458, 463.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

### On Motion for Reargument.

#### MAY 10, 1962.

Per Curiam. After our opinion in the above case was filed the petitioner asked and received permission to file a motion for reargument. Pursuant thereto he has filed such a motion, setting out therein certain reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered these reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*F. Monroe Allen,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for State, for respondents.