206 A.2d 521.

ANDREW PRETE *vs.* ANTHONY R. PARSHLEY *et al.*

JANUARY 20, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is a petition for certiorari to review a decision of the personnel appeal board of the division of personnel administration denying and dismissing an appeal by the petitioner from the order of an appointing authority terminating his employment as a senior building construction inspector in the budget division of the department of administration. The writ issued, and pursuant thereto the respondent board has certified the records in the case to this court.

It appears therefrom that petitioner had been employed for some years by the department of administration as a senior building construction inspector in the division of architecture and engineering. On July 22, 1959 he was notified in writing by the appointing authority that such division was to be abolished as of August 8, 1959 but that its abolition "does not affect any rights which you may have under the Civil Service Rules * * *." The record discloses that after some communication between petitioner and the personnel administrator concerning the question of his entitlement to sick leave, he was on August 9, 1959 transferred to the division of the budget. The record indicates that the transfer was to the position of senior building construction inspector for a limited period, to end on September 5, 1959 by reason of the abolition of the position, and noted specifically that petitioner was on sick leave. Thereafter, on September 5, 1959, petitioner's employment was terminated, and he appealed to the respondent board.

Before the appeal board and in this court, the thrust of petitioner's argument is that the termination of his employment in the instant circumstances was, in effect, a layoff within the purview of G. L. 1956, §36-4-37, and violated his right as an employee having full status to have preference in employment over probationary or temporary employees employed in the same class of position. The statute

provides that an appointing authority may in specified circumstances lay off a classified employee but that "No employee with full status shall be laid off while probational or temporary employees are employed by the same appointing authority in the same class of positions * * *." It is further provided therein that when any employee having full status is laid off, his name shall be placed on an appropriate re-employment list.

The record suggests that the appeal board considered the instant appeal as being brought pursuant to the provisions of §36-4-37, particularly because of the references by the members of the board to certain of the provisions thereof. We are persuaded that this approach to the cause is correct inasmuch as the record does not disclose that the termination of petitioner was a dismissal within the purview of §36-4-38.

Testimonial evidence was adduced on the issue whether two temporary employees had been performing duties in the position of senior building inspector that had been assigned to and performed by petitioner in the position of senior building construction inspector. Two members of the three-man appeal board concurred in finding that petitioner had failed to establish that these temporary employees were acting as senior building construction inspectors although it was conceded that the temporary employees performed some duties that had been included within the class of position held by petitioner. The dissenting member, in substance, found that the temporary employees were performing duties outside of those prescribed by the position of senior building inspector and which were, in substance, duties that had been assigned to the position held by petitioner.

The precise issue raised by petitioner's invoking the pertinent provisions of §36-4-37 is whether his employment as a senior building construction inspector was terminated in violation of the statutory provision inhibiting the ter-

mination of the employment of a full-status employee while "temporary employees are employed by the same appointing authority in the same class of positions * * *." This provision does not operate to prevent the personnel administrator from assigning to one class of position duties which are similar to those assigned to another class of position. The legislature did not intend, in our opinion, to restrict the authority of the administrator to consolidate and combine duties in order to secure the development of an efficient public service for the public benefit. See *Masyk* v. *Parshley*, 94 R. I. 282, 180 A.2d 314. The statute contemplates only the promotion of an effective public service by providing reasonable employment security for employees with full status by giving them employment preference over temporary employees with respect to positions that are in fact in the same class.

The phrase "same class of positions" has a particular meaning in the administration of the merit system. In §36-4-9 the personnel administrator is required in this respect to see to it that all positions "that are substantially similar with respect to authority, responsibility, and character of work are included within the same class * * *." This defines the "same class of positions" to which an employee with full status is given employment preference. It does not contemplate positions in the classified service as being in the same class merely because some duties have been assigned to them which are similar to those in the position held by an employee who has been laid off.

The chairman of the board in his decision disclosed his awareness of the purpose of the statute when he found that while the temporary employees did perform two tasks that had also been performed by petitioner, they were not employed in a position in the same class within the purview of §36-4-37. We consider as significant in this respect the chairman's statement: "They have indeed inspected and reported on relatively small maintenance repair jobs, but

not of the size or scope of the work normally inspected by a Senior Building Construction Inspector * * *." It is our opinion that the decision of the majority of the board discloses no misconception concerning the law as to the employment preference afforded employees having full status, and it is our conclusion that the majority did not err in finding that the temporary employees employed as senior building inspectors were not holding positions in the same class as that held by petitioner.

This court accepts the proposition that when an agency of state government is charged with the administration of some portion of the affairs thereof, it has the authority to determine facts concerning the matters that have been legislatively committed to its supervision or control. Judicial review of the decisions of such agencies is designed primarily to confine their activities to the jurisdiction conferred upon them by the legislature. The decisions of administrative agencies are frequently brought to this court for review by way of the writ of certiorari, some pursuant to the common-law writ and some to a statutory version thereof. In this circumstance we refrain from engaging in fact-finding with respect to such decisions absent some compelling reason for so doing. The instant case has been brought to this court for review by the common-law writ of certiorari, and, therefore, following the well-settled practice we will not weigh the evidence upon which the board rests its decision.

We will, however, closely scrutinize the record for the purpose of ascertaining whether there appears therein some legally competent evidence upon which the decision rests. We do this in order to determine whether the board, in exercising its fact-finding power on the basis of evidence that is legally incompetent as being without probative force, acted in excess of its jurisdiction. See *Masyk* v. *Parshley, supra*. The record before us upon examination discloses an abundance of legally competent evidence upon

which the decision of the majority of the board may reasonably rest. That being so, we are constrained to conclude that it must be sustained.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Andrew A. Bucci,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for respondents.