223 A.2d 549.

Valmore J. Papineau *vs.* Personnel Board of the
City of Central Falls.
Joseph Michalczyk *vs.* same.

October 31, 1966.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Joslin, J. These two petitions for certiorari were brought to review the action of the respondents in their capacities as members of the personnel board of the city of Central Falls in affirming the action of the director of public works of that city in dismissing each of the petitioners from employment in his department. The cause given by the director for dismissal was, in the instance of petitioner Papineau, that he had used a municipal truck to dump and spread hot asphalt at his own residence; in the instance of

petitioner Michalczyk it was that he had dumped and spread the asphalt on the property of one of his "companions in activity." We issued the writs and in compliance therewith the respondents have certified to us certain pertinent records.

It appears from the decision of the board that at about seven o'clock in the morning on September 10, 1965, petitioners together with a fellow employee were assigned a city truck and were directed to fill potholes in specified city streets with asphalt or hot patch. They were the only municipal employees and theirs the only truck so assigned. At about 8:15 that morning a city truck which drove off before its occupants could be identified was seen in front of Papineau's residence, a place not in the general area within which petitioners had been directed to perform their labors. Apparently this incident as well as an anonymous telephone call sparked an investigation during which the director found a freshly laid square of asphalt on the Papineau property. Additionally, Papineau upon observing a police inspector photographing that freshly laid square of asphalt was reported to have in effect said: "What are they trying to do, make a Federal case out of this? What if I did take three or four shovels full of hot patch." Based on these findings the board concluded that petitioners were guilty as charged and affirmed the action of the director of the department in dismissing them.

The petitioners concede that a stenographic transcript of the hearings before the board, if one were available, would contain legally competent evidence upon which the foregoing findings of fact were premised. Each argues, however, that his dismissal should not have been affirmed because those findings do not support the charge against him.

That contention obviously has no merit in the case of Papineau. He was charged in substance with using the

city's hot asphalt to repair his own property. The board's findings as well as his own admission that he had used three or four shovelsful of hot patch to repair his property gave the board ample basis to conclude that he was guilty as charged.

The case of Michalczyk stands on a different footing. The specification against him was that he used a city truck to dump and spread hot asphalt on the property of one of his "companions in activity." Unlike Papineau he neither directly nor impliedly admitted his guilt. Indeed, the only link between the record and the charge are the findings that he together with Papineau and a third employee were assigned to a municipal truck from which Papineau took asphalt to patch a portion of a walk on his property. That finding alone did not establish the charge against Michalczyk. More was required. Obviously, since the board found the specification to have been proved it must have inferred that Michalczyk was one of the unidentified occupants of the truck seen in front of Papineau's house. In addition it must then have superimposed upon the first inference the further inference that he participated in applying the hot patch to Papineau's walk.

We do not reach the issue of whether it was permissible for the board to pyramid inferences, a question which the parties have neither briefed nor argued and on which our own decisions are in apparent conflict. *Industrial National Bank* v. *Dyer*, 96 R. I. 39, 45 (impermissible); *Swartz* v. *Edwards Motor Car Co.*, 49 R. I. 18, 22 (permissible). See also *Viera* v. *Levesque*, 94 R. I. 275, and *Saritelli* v. *Industrial Trust Co.*, 84 R. I. 42, 47. Instead we decide the case on the principles recently enunciated in *Labbe* v. *Hill Brothers, Inc.*, 97 R. I. 269, 197 A.2d 305.

There we recognized that it was within the province of a fact finder to select as between alternately reasonable inferences. At the same time, however, we acknowledged that

an inferred fact could have no probative force on the ultimate issue in a case if the evidentiary hypothesis upon which it was premised was susceptible to a more natural and probable inference.

In this case the testimonial evidence was clearly open to alternate inferences. On the one hand it yielded to the inference that Michalczyk was present and participated with Papineau in the dumping and spreading of the asphalt on the latter's property; on the other, that he was either not present when the acts occurred or, if present, that he was either a protesting or a silent bystander and not a participant. In our judgment the inference of nonparticipation to which those evidentiary facts were naturally and logically susceptible was so much more probable than the inference of participation that it negated the probability of the latter and thereby rendered it unreasonable and legally incompetent. In those circumstances the board's finding on the ultimate fact having been predicated on an inference of participation was mere conjecture and speculation and lacking in probative force. In quashing the decision we do not depart from our rule that on certiorari we do not ordinarily weigh evidence, but act because the record before us is devoid of any legally competent evidence upon which the board could have found that Michalczyk dumped and spread asphalt on the property of one of his "companions in activity."

In the case of the petitioner Papineau, the petition for certiorari is denied and dismissed, and the writ heretofore issued is quashed. In the case of Michalczyk, the petition for certiorari is granted and the decision of the respondent board wherein it affirmed the action of the director of pub-

lic works in dismissing petitioner Michalczyk is quashed. In each case the records certified are ordered returned to the board with our decision endorsed thereon.

*Louis E. Azar,* for petitioners.

*James G. O'Malley,* City Solicitor, for respondents.