384 A.2d 601.

ANN MARIE MILLERICK *v.* ALBERT FASCIO *et al.*

APRIL 6, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

10

BEVILACQUA, C.J. This case is before us on a writ of certiorari for review of a decision of a trial justice of the Superior Court reversing an amended administrative decision of the petitioners that curtailed benefits the respondent had been receiving under the provisions of the Temporary Disability Insurance Act, G.L. 1956 (1968 Reenactment) chapters 39 through 41 of title 28.

In 1974 respondent, Ann Marie Millerick, was a full-time freshman at Providence College. During high school and her first year of college, she had customarily worked as a salesperson after school hours. In July 1974, while employed full time for the summer vacation as a salesperson in a department store, respondent contracted infectious mononucleosis. As a result, she stopped work on August 1, 1974 and filed a claim for cash sickness benefits under Temporary Disability Insurance (T.D.I.). The respondent received T.D.I. benefits for a 5-week period through September 7, 1974. The Director of the Department of Employment Security denied respondent's claim for further benefits beyond that date. This decision was rendered despite a certification made to the director by Dr. Ernest P. Mennillo, respondent's physician, attesting that although respondent was still being treated for mononucleosis in the fall of 1974, she could return to college in September of that year but could not resume her customary part-time work during the school year until March 1975.

The respondent appealed the director's decision to the Board of Review, the individual members of which are petitioners in this proceeding. On December 13, 1974 petitioners affirmed the denial of benefits on the ground that

respondent's condition was not so disabling as to prevent her from working if she were not a student.

The respondent appealed the decision of petitioners to the Superior Court pursuant to the Administrative Procedures Act, G.L. 1956 (1977 Reenactment) §42-35-15. The court reversed petitioners' decision, holding that in determining that respondent could have returned to work after September 7, 1974 *if she were not a student,* the board misconceived the issue, which was whether respondent could return to work *in addition to* going to school. The case was remanded to petitioners for a determination of the latter issue in light of the facts.

On remand petitioners conducted a hearing on June 10, 1975. At that time counsel for respondent introduced a report from Dr. Mennillo reiterating his previous opinion that respondent could have returned to college in September 1974 but could not have resumed her part-time work until March 1975 because of her physical condition. After the hearing had closed, petitioners received a report from their medical consultant, Dr. Marco Colagiovanni, which was based entirely on Dr. Mennillo's report and was made without an independent physical examination of respondent. Doctor Colagiovanni's report stated:

> "I have considered the complete record * * * including medical reports, testimony, affidavits, facts and evidence, and made the following evaluation: This patient apparently had an uncomplicated case of infectious mononucleosis as shown by the fact that she was not hospitalized. On August 7, 1974 a differential white count was consistent with infectious mononucleosis. On September 16, 1974 a report was received from the South County Hospital stating that: '1 to 4 positive.' Dr. Mennillo was unable to interpret this report and neither [sic] was I. She was allowed a period of 6 to 8 weeks and did, in fact, return to school.

It is my opinion that the duration of time allowed for this particular case is sufficient."

The petitioners concluded that on the basis of Dr. Colagiovanni's report and the evidence presented at the hearing respondent was able to perform her part-time work in addition to being a student for the period following September 7, 1974. Further, petitioners stated that in order for respondent to be entitled to T.D.I. benefits, she would have to be available for full-time work without restriction.

The respondent appealed the amended decision of petitioners to the Superior Court pursuant to §42-35-15. The trial justice found that Dr. Colagiovanni's report was of no probative value on the issue before petitioners of whether respondent could work in addition to going to school because Dr. Colagiovanni had not examined respondent, and because his decision was based entirely on Dr. Mennillo's report yet contradicted Dr. Mennillo's conclusion that respondent could not work and go to school during the period in question. Therefore, the trial justice reversed petitioners' decision, holding that it was clearly erroneous in light of the reliable, probative, and substantial evidence in the record, to wit, Dr. Mennillo's report. As a second ground for reversal the trial justice held that the decision was affected by an error of law because it required that claimants be available for full-time work without restriction in order to qualify for T.D.I. benefits. The trial justice concluded, and we agree with his conclusion, that respondent was entitled to benefits from September 7, 1974 to the end of February 1975. Thereafter petitioners asked this court to issue a writ of certiorari, and the matter is now before us in that posture.

The issues before us for review are (1) whether in reversing the amended decision of petitioners the trial court substituted its judgment for that of petitioners as to the weight of the evidence on questions of fact, and (2) whether the trial justice erred in concluding that petitioners had

committed an error of law by requiring that a claimant must be available for full-time work without restriction to be entitled to T.D.I. benefits.

I

The first issue raised by petitioners involves the extent of the authority vested in a trial court when it is reviewing the decision of an administrative agency. The scope of review afforded to a trial court in such a situation is circumscribed by §42-35-15(f),(g). *See Cahoone v. Board of Review of the Department of Employment Security,* 104 R.I. 503, 246 A.2d 213 (1968). Subsection (g) of that statute specifies that a court may reverse the decision of an agency if substantial rights of the appellant (respondent in the instant case) have been prejudiced because the administrative decision is, *inter alia,* "affected by other error of law" or "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." The trial justice reversed on both these grounds, and we will examine his rulings separately, beginning with the evidentiary matter.

On review by certiorari of a decision of an administrative agency, we do not ordinarily weigh evidence, but we may act where the record before us is devoid of any legally competent evidence upon which the agency could have relied in reaching its decision. *Papineau v. Personnel Board,* 101 R.I. 359, 223 A.2d 549 (1966). After considering the arguments of counsel, the trial justice reviewed the whole record and reversed the amended decision of petitioners because it was not supported by the evidence. We must examine that record as it was certified to us in this proceeding.

In determining that respondent could work part time in addition to attending school, petitioners relied upon Dr. Colagiovanni's report for their conclusions as to respondent's physical condition. However, Dr. Colagiovanni never examined respondent. He based his conclusion about her condition solely on the report made by Dr. Mennillo, who after examining respondent concluded that she "was able to return

to school in September 1974 but was not able to resume her normal occupational duties as a part-time sales clerk until at least March of 1975." Because petitioners relied exclusively on the report of Dr. Colagiovanni to determine respondent's physical condition and contingent entitlement to T.D.I. benefits, and because Dr. Colagiovanni's report relied solely on the report of Dr. Mennillo to reach its conclusion that respondent was physically able to resume work in addition to attending school, the only reliable, probative, and substantial evidence as to the issue before petitioners on remand was the report of Dr. Mennillo. We also note that Dr. Colagiovanni's evaluation states that respondent was properly eligible for 6 to 8 weeks of T.D.I. benefits. The evidence before us describes that she received only 5 weeks of T.D.I. benefits. Thus even assuming *arguendo* that Dr. Colagiovanni's report was probative and reliable, respondent would have been entitled to from one to three additional weeks of benefits beyond September 7, 1974.

We recognize that if the findings of fact of the factfinder, here petitioners, are supported by substantial evidence, there can be no substitution for the factfinder's judgment. However, the only possible inference that can be drawn from Dr. Mennillo's report is that respondent could not resume her normal occupational part-time work in addition to attending school. This inference supports the trial justice's conclusion that petitioners' decision on remand prejudiced the rights of respondent because it was clearly erroneous in light of the only reliable, probative, and substantial evidence on the record. We hold therefore that the reversal by the trial justice of the amended decision of petitioners was appropriate under §42-35-15(g)(5).

## II

The second issue before us involves the question of whether part-time employees are eligible for T.D.I. benefits. It they are eligible, then the trial justice did not err when he concluded that the decision of the petitioners on

remand was affected by an error of law to the extent that it required that respondent be available for full-time work without restriction in order to be entitled to T.D.I. benefits.

At the outset it should be noted that we are bound to construe the provisions of the Temporary Disability Insurance Act liberally in order "to lighten the burden * * * on the unemployed worker and his family." Section 28-39-38. We established general guidelines concerning availability for T.D.I. benefits in *Fisher* v. *Board of Review of the Department of Employment Security*, 91 R.I. 235, 162 A.2d 551 (1960), when we stated that the Act "was designed to provide compensation for an individual for his wage losses due to unemployment caused by sickness." *Id.* at 237, 162 A.2d at 552-53. Sickness is defined by §28-39-2(14) as follows: "An individual shall be deemed to be sick in any week in which, because of his physical or mental condition, he is unemployed and unable to perform his regular or customary work or services." A further eligibility requirement under the Act is that the claimant who is unemployed due to sickness must have earned a fixed minimum amount of wages in a statutorily defined period preceding the sickness. Section 28-41-11.

Thus eligibility for T.D.I. benefits requires that the claimant be unemployed and unable to perform customary work due to sickness, and that he satisfy the statutory minimum wage amount under §28-41-11. As long as a claimant fulfills these requirements, whether he was employed part time or full time when the sickness occurred does not matter. It follows then that the duration of eligibility for T.D.I. benefits should be determined by the length of time a person is unemployed and unable to perform his regular or customary work or services due to sickness, as well as by the statutory requirements of §28-41-7.[1]

---

[1] G.L. 1956 (1968 Reenactment) §28-41-7 reads:

> *Duration of benefits.* — The maximum total amount of benefits payable during a benefit year to any eligible individual whose benefit year begins on

Just as we have held above that the phrase "regular or customary work or services" does not imply as a precondition for eligibility that the claimant must have been working full time when he became sick, we also hold that the entitlement standard we have enunciated does not imply availablity for full-time work as a precondition to continued entitlement. The regular and customary work of the individual claimant must be examined in each case in determining eligibility. In so doing, there is nothing in the Act which precludes us from including part-time work as within the ambit of the phrase "regular or customary work or services." We conclude, therefore, that in addition to the statutory minimum wage amount under §28-41-11, the determinative factor as to entitlement to T.D.I. benefits is not the number of hours a claimant customarily works or is available to work per week, but whether the claimant is physically able to return to his regular or customary work or services, part time or full time, after suffering a disabling sickness.

---

or after November 16, 1958, shall be determined in the following manner:

(A)   The total number of weeks of employment in his base period shall be multiplied by three-fifths (3/5), and the result thereof, if not a whole number of weeks, shall be adjusted to the next higher whole number of weeks, and

(B)   The number of weeks so obtained shall be multiplied by the said individual's weekly benefit rate for unemployment due to sickness; and the result thereof shall be the total amount of benefit credits to which the said individual shall be entitled during his benefit year, provided, however, that no individual shall be paid total benefits in any benefit year which exceed twenty-six (26) times his weekly benefit rate provided further, however, that dependents' allowances to which he might be entitled under §28-41-5 shall be in addition to such total benefits.

(C)   Each week of employment within an individual's base period shall be counted as one (1) week for the purpose of this section, regardless of the number of employers for whom an individual performed services in employment during such week. For the purpose of this section a week of employment shall be any calendar week within which an individual has performed services in employment for one or more employers subject to chapters 39-41, inclusive of this title.

18

In light of the foregoing, we cannot agree with petitioners' contention that the eligibility standard for unemployment compensation expounded in *Chaharyn* v. *Department of Employment Security*, 85 R.I. 75, 125 A.2d 241 (1956), should also be utilized in the sphere of T.D.I. benefits. In *Chaharyn* we stated that to be entitled to unemployment compensation a claimant must be available for full-time work without restriction. As we have stated, however, the very basis of entitlement to T.D.I. benefits is *unavailability* for regular or customary work, part time or full time.

We hold therefore that the amended decision of the petitioners was affected by an error of law in that it required a claimant to be available for full-time work in order to be entitled to T.D.I. benefits, and accordingly we hold that it was appropriate under §42-35-15(g)(4) for the trial justice to reverse the amended decision on this basis.

The petition for certiorari is denied and dismissed, the writ previously issued is quashed, and the records certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.


*John T. Madden*, for plaintiff-respondent.

*Charles H. McLaughlin, Irving J. Bilgor*, for defendants-petitioners.