[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Rhode Island Department of Human Services (hereinafter "DHS"). The plaintiff seeks a reversal of the March 7, 1989, decision denying Medical Assistance (hereinafter "MA") to her. Jurisdiction in this court is pursuant to R.I. GEN. LAWS § 42-35-15 (1988).
I. Case Travel
Margaret Bailey (hereinafter "appellant") was admitted to the Health Havens Nursing Home in January, 1986. Appellant remained a patient in that above nursing facility until her death in 1989. In August, 1985, the appellant granted a Power of Attorney to her niece, Mrs. Elizabeth Jansen. Appellant submitted an application for MA benefits in February, 1988. While the application was being processed, a letter dated April 4, 1988, was sent to the appellant's niece by a representative of DHS. In this letter, a DHS representative suggested that the appellant's niece "cash-in" her John Hancock Trust Bond shares; put the proceeds of that transaction toward the cost of care; and that DHS would aim for June 1, 1988, to commence the State Program. Further, the letter stated that if an applicant's total assets exceeded $4,000.00, then that individual would not be eligible for MA for the upcoming month. A claimant must be under the $4,000 asset limitation on the last day of the month to be eligible for MA benefits for the first day of the upcoming month.
The appellant was informed in this letter that if she cashed in the John Hancock Bond Trust shares, then she should retain the check received, and mail a photocopy to the Agency representative handling the appellant's application. In addition, the appellant was instructed not to dispose of her savings and checking account. Subsequently on April 12, 1988, a MA Letter of Denial was sent to the appellant's niece advising her that the application for MA benefits was not accepted because Margaret Bailey's assets were over the $4,000 asset limitation.
A second application was submitted on behalf of the appellant for MA on August 18, 1988. Evidence was submitted to demonstrate that a John Hancock Trust Bond, Account #3274920, held in the name of the appellant and her husband, was redeemed on August 17, 1988. A check was issued on September 15, 1988, for $3,151.41. Both parties presented corroborative testimony that the proceeds from the John Hancock Bond Trust were applied to the appellant's cost of care. On October 7, 1988, a letter was sent to the appellant's niece by the DHS representative advising her that the appellant had been accepted into the Medicaid Program effective September 1, 1988.
During the hearing of In Re Margaret Bailey, documents were presented to demonstrate that as of August 3, 1988, funds in the amount of $2,926.10 were held on deposit at Fleet National Bank in Account #063-2607026 in the names of the appellant and her niece. Evidence was also presented that in March, 1988, the appellant owned three life insurance policies with a combined cash surrender value of less than $600.00. Finally, the Administrator of the long-term care nursing facility presented evidence of an outstanding balance owed by the appellant of approximately $4,684.66 for July and August, 1988.
On January 18, 1989, a MA Letter of Denial was sent to the appellant's niece advising her that the appellant's application for MA benefits for August, 1988, retroactive from May 1, 1988, had been denied on the basis that the total assets had exceeded the $4,000.00 limitation. A timely appeal of this denial was submitted on behalf of the appellant. An Administrative Hearing Decision dated March 7, 1989, stated that:
 It is the conclusion, [of the Board] based on the [documents] and [testimony] submitted at the hearing, that at least from April 4, 1988, until August 17, 1988, the total amount of the appellant's resources (the value of the John Hancock Bond Trust, the funds on deposit at Fleet National Bank, and the cash surrender value of the appellant's life insurance policies), did exceed $4,000. Therefore, the decision of the Agency to deny Medical Assistance Benefits . . . must be sustained. Id. at 5.
The plaintiff filed this appeal. At issue is whether the appellant's John Hancock Trust Bond shares are a resource to be included in determining whether an applicant can have more than $4,000.00 in real and personal property assets in order to qualify for Medical Assistance benefits.
II. Appellate Review Pursuant to R.I. GEN. LAW § 42-35-15(1988)
Appellate jurisdiction in this Superior Court to review decisions of the various state administrative agencies is under Rhode Island General Laws § 42-35-15 (1988), as amended. However, the scope of review permitted is limited by that statute. Fundamental in the statute is the basic legislative intent that this court should not, and cannot, substitute its judgment on questions of fact for that of the respondent agency. Lemoine v.Department of Public Health, 113 R.I. 285, 291, 320 A.2d 611, 615 (1974). This is so even in those cases where this court, after reviewing the certified record and evidence, might be inclined to review the evidence differently than did the agency.Cahoone v. Board of Review, 104 R.I. 503, 506, 246 A.2d 213, 215 (1968).
On appeal, judicial review is limited to an examination and consideration of the certified record to determine if there is any legally competent evidence therein to support the agency's decision. If there is such evidence, this court is required to uphold the agency's factual determinations. Narragansett WireCo. v. Norberg, 118 R.I. 596, 607, 376 A.2d 1, 6 (1977); Pretev. Parshley, 99 R.I. 172, 176, 206 A.2d 521, 523 (1965). However, where the findings or conclusions made by an agency are "totally devoid of competent evidentiary support in the record" or by the reasonable inferences that can be drawn therefrom, then the findings made by the agency are not controlling upon this court. Milardo v. Coastal Resources Management Council,434 A.2d 266, 270 (R.I. 1981); Millerick v. Fascio, 120 R.I. 9, 14,384 A.2d 601, 603 (1978); DeStefanis v. Rhode Island State Boardof Elections, 107 R.I. 624, 627, 628, 268 A.2d 819, 820 (1970).
The Administrative Procedures Act, R.I. GEN. LAWS § 42-35-12
(1988), permits this court to reverse, modify or remand an agency decision only in those instances where it finds that substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are in violation of constitutional or statutory provisions; or in excess of the statutory authority of the agency, or made upon unlawful procedure, or affected by other error of law, or clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record, or is arbitrary or capricious by abuse of discretion or by a clearly unwarranted exercise of the agency's discretion.
III. Appellant's Argument
The appellant argues that Section 301.3 of the DHS manual requires that for an individual to qualify for MA benefits, that individual cannot have more than $4000.00 in real and personal property. The appellant states that the clear implication of Section 301.3 page 2c is that an asset must be available to an individual in order to be considered to be a resource. According to the appellant, the length of time required to liquidate the John Hancock Trust Bond shares did not make this asset available to her. The appellant contends that she used every effort in order to "cash in" this asset, but was unsuccessful for several months due to the difficulties encountered with John Hancock Financial Services. The appellant indicates that she did begin the process of cashing in the Trust Bond shares immediately upon being told to do so. Appellant is placing the blame for her inability to convert the John Hancock Trust Bond shares into a resource to the highly technical requirements of this process and due to laxity in the service department at the John Hancock Financial Services. The appellant states she should not be penalized for doing what she was told to do.
IV. Discussion
According to the DHS Manual at Section 324(A)(1), effective October, 1989, a resource is either real or personal property which the applicant can use (either directly or by sale on conversion), to provide for her basic needs for food, clothing, shelter, or medical care. Section 324(A)(1)(b) states that personal property includes tangible and intangible property. In § 324(A)(1)(b)(ii), intangible personal property includes such rights as stocks, bonds, savings accounts, checking accounts, certificates of deposit, cash, promissory notes, bonds, and mutual funds. The appellant's John Hancock Trust Bond shares would be intangible personal property.
In § 324(A)(2), resources are further defined based upon whether they are countable or excluded in the process of determining eligibility for MA. A countable resource, whether real or personal property, is a resource that is available to the client and not excluded under the DHS manual. Section 324(D) the DHS Manual defines the availability of resources. First, a resource must be available to the client. The client must be able to use the resource to provide food, shelter, clothing, or convert it into a form in which it can be used to meet his needs.DHS Manual, at 324(D). Further, a resource is considered to be available when actually available, and when the client has the legal ability to make such sum available for support and maintenance. Id., at § 324(D)(1). Resources are not available when a legal impediment exists which precludes the client from making the resource available for support, maintenance or medical care. Id., at 324(D)(2). Finally, clients are required, as a condition of eligibility, to cooperate with the department in making resources available. See Section 312 for a complete discussion of this requirement.
This Court in examining DHS Manual § 312, effective October, 1989, notes that income or resources are not available when a legal impediment exists which precludes the client from making the income or resource available for support, maintenance, or medical care. The DHS Manual gives various examples of legal impediments.[1]
This court also refers to the cooperation requirements, specifically the section on condition of eligibility. § 312 (II)(A)(2).
 Clients are required, as a condition of eligibility, to take all reasonable actions to make income/resources available to meet needs. A reasonable action is one that will likely result in more financial benefit accruing to a household than the cost of obtaining the benefit. Reasonable actions also include the requirement to file applications for other benefits to which the client is entitled (see II., below). The client must make a good faith effort to bring the resource or income into a state of availability, DHS Manual, § 312(II)(A)(1).
The DHS Manual lists possible actions which the client maybe required to take when a resource is unavailable. § 312(II)(A)(2). This list is not exclusive but serves as a guide. A client can make a formal written request to other joint owners to sell or liquidate jointly held property; or make a formal written request to guardians, trustees, etc. to make resources or income available from estates, trusts, settlements, etc. Other possible actions include: retaining counsel to petition a court to release funds from an estate, trust, or settlement or to file suit to obtain the release of funds held in trust or the client's share of jointly held income or resources; and retaining counsel to petition a court to adjudicate any monetary or property claim which the client may have against any person. Finally, the DHS Manual suggests that a client periodically (at least quarterly) report to the agency on the progress being made toward making the resource or income available for use. For eligibility to continue to exist, the client must continue to show a good faith effort to obtain resources or income. Id., at § 312 (II) (A)(2).
It is abundantly clear to this court from a review of the certified record, and from a review of the pertinent statutes, that the decision of the Appeals Office in the Administrative Hearing Decision dated March 7, 1989, is correct. The Appeals Officer adequately addressed the issue of whether the appellant's total assets exceeded $4,000.00. The record clearly indicates that the evidence amply supports a finding that the appellant's assets exceeded $4,000.00.
This court believes that based on the language from the DHS Manual, the appellant had a duty to be diligent in her ability to make the John Hancock Trust Bond shares available. Nowhere in the appellant's brief does she claim a legal impediment existed to make the John Hancock Trust Bond shares available. Appellant places the blame for the delay in cashing in the John Hancock Trust Bond shares with John Hancock Financial Services. Appellant listed the following as her attempts to get the Trust Bond shares cashed:
 Mrs. Jansen, then contacted John Hancock and initiated the process of cashing in the bond trust. However, the actual process of liquidating the shares was unduly laborious and time consuming. After Mrs. Jansen made the initial inquiry, she was informed that a duly notarized Power of Attorney was insufficient for John Hancock to make the necessary transfer. Several telephone calls and letters were needed in order to finally effectuate the transfer which took place on August 17, 1988. This is due to the highly technical requirements of this process and due to laxity in the service department at the John Hancock Financial Services. Appellant's Memorandum, at 2.
Appellant should have been more diligent in her efforts to liquidate the bonds. The record does not contain any evidence that the appellant tried to expedite the process to liquidate the Trust Bond shares. The DHS Manual at § 312(II)(A)(2) lists suggestions to clients as to actions to be taken to make a resource available. Appellant did not present any evidence that she performed any actions to expedite the process of liquidating the John Hancock Trust Bond shares, or even performed any actions that could reasonably be associated as trying to expedite the liquidation process.
V. Conclusion
Accordingly, this court denies the appellant's claim that the John Hancock Trust Bond shares should not be considered a resource as defined in the DHS Manual. Appellant's claim for reasonable litigation expenses is also denied pursuant to R.I. GEN. LAWS § 42-92-3.
Counsel shall prepare the appropriate judgment for entry by the court within twenty days from the date of the filing of this decision.
[1] Examples of legal impediments are:
A client may be unable to access funds because the funds are held in trust for the client by another person, or the resource may be owned jointly and require another owner's signature in order for the client to access the funds. DHS Manual, at § 312 (II), effective October, 1989.