[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
The above captioned cases embody a cause of action and an administrative appeal concerning certain real estate in North Kingstown, Rhode Island. Case number W.C. 2005-0110 is an appeal from a decision of the North Kingstown Zoning Board of Review (Board), sitting as the Appeals Board for the Town Planning Committee, denying Plaintiffs' Kentco Development, Inc. (Kentco) and John and Catherine Dusel (Dusels) application for a minor subdivision. Jurisdiction over the administrative appeal is pursuant to G.L 1956 § 45-23-71. Case number W.C. 2001-0369 is an action brought by the Town of North Kingstown against the individuals who sold the disputed parcels to Kentco and the Ducels. This Court consolidated the matters on March 28, 2005, however this decision addresses only the administrative appeal. For the reasons set forth herein, Plaintiffs' appeal is denied and the decision of the Board is affirmed. The action brought by the Town of North Kingstown remains pending.
 FACTS AND TRAVEL
The instant dispute concerns four parcels of real property located off of Sunset Avenue in North Kingstown, Rhode Island, more specifically described on the Assessor's Map as Plat 41, Lots 72, 73, 77 and 78. Plaintiffs John and Catherine Dusel own Lots 72 and 77. Plaintiff Kentco Development Inc. owns Lots 73 and 78.
Both the Dusels and Kentco purchased their respective lots from Robert E. and Louise E. MacDonald (MacDonalds). Indeed, it is the history of the property during the MacDonalds' ownership that created the conflict underlying this appeal.
The MacDonalds purchased the four lots in question in June 1985. On May 8, 1995, the Town of North Kingstown enacted an ordinance providing for the merger of adjacent lots owned by the same person, where none of those lots conformed to the size required by the zoning of the area. On May 8, 1995, the MacDonalds owned all four lots. The four lots are zoned Neighborhood Residential. Such a designation requires 40,000 square feet per lot. None of these four lots met this requirement, so the property merged to form one undivided lot on May 8, 1995.
In August 1995, the Dusels purchased Lots 72 and 77 from the MacDonalds. These lots contained a residence and a tennis court. In September 1998, the MacDonalds sold the remaining two lots to Kentco. These lots were Lots 73 and 78.
Kentco applied for both a use and dimensional variance in March 1999, seeking to build a single-family home on Lots 73 and 78. The Board denied the application, and Kentco appealed. This Court then remanded the case to the Board for further findings of fact regarding what, if anything, the Town did prior to July 15, 1999 to notify owners and potential buyers of merged property.
After making additional findings, the Board again denied Kentco's application, and Kentco again appealed to this Court. This Court once again remanded the case to the Board,[1] this time with instructions to dismiss Kentco's application without prejudice on procedural grounds, ruling that a subdivision of the merged property must be approved before a variance can be granted.[2] The Zoning Board dismissed Kentco's application in accordance with the order.
In March 2004, Kentco and the Dusels filed a joint application to the Planning Commission seeking minor subdivision approval. Pursuant to Section 5.3.4(d) of the North Kingstown Subdivision and Land Development Regulations, the Planning Commission requested a staff report from the Technical Review Committee. The Staff Report indicated no problems with the proposed subdivision.
Nothwithstanding the positive Staff Report, the Planning Commission denied the application for minor subdivision relief pursuant to Section 3.1 of the Subdivision and Land Development Regulations. The Dusels appealed the Planning Commission's decision to the Zoning Board of Review, sitting as the Planning Commission Board of Appeals. Kentco later joined the Dusels in their appeal to the Board, The Board heard the appeal pursuant to G.L. 1956 § 45-23-70,[3] and upheld the Planning Commission decision.
Now before the Court is Kentoco and the Dusels' appeal of the Board's decision affirming the Planning Commission's denial of their application for a minor subdivision.
 STANDARD OF REVIEW
This Court's review of the Board's decision is pursuant to G.L. 1956 § 45-24-69(b)(c), which states:
 (b) The review shall be conducted by the superior court without a jury. The court shall consider the record of the hearing before the planning board and, if it appear to the court that additional evidence is necessary for the property disposition of the matter, it may allow any party to the appeal to present evidence in open court, which evidence, along with the report, shall constitute the record upon which the determination of the court shall be made.
 (c) The court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 1. In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 2. In excess of the authority granted to the planning board by statute or ordinance;
 3. Made upon unlawful procedure;
 4. Affected by other error of law
 5. Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 6. Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.[4]
When reviewing a board and planning commission decision, the scope of review of this Court, "is limited to a search of the record to determine if there is any competent evidence upon which the agency's decision rests." E. Grossman Sons, Inc. v. Rocha, 118 R.I. 276, 286,373 A.2d 496, 501 (1977) (citing Prete v. Parshley, 206 A.2d 521, 523 (1965)). "Pursuant to [G.L. 1956] § 45-23-71, judicial review of board decisions is not de novo." Monroe v. Town of East Greenwich, 733 A.2d 703,705 (R.I. 1999) (citing Kirby v. Planning Board of Review of Middletown,634 A.2d 285, 290 (R.I. 1993)). "The Superior Court does not consider the credibility of witnesses, weigh the evidence, or make its own findings of fact. Id. at 705. See also, Lett v. Caromile, 510 A.2d 958, 960 (R.I. 1986). "[Superior Court] review is confined to a search of the record to ascertain whether the board's decision rests upon `competent evidence' or is affected by an error of law." Id. at 705.
"In reviewing a decision of a zoning board of review, the trial justice `must examine the whole record to determine whether the findings of the zoning board were supported by substantial evidence.'" Caswell v. ShermanSand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Tooheyv. Kilday, 415 A.2d 732, 735 (R.I. 1980)). See also, DeStefano v. ZoningBoard of Review of Warwick, 122 R.I. 241, 245-46, 405 A.2d 1167, 1170
(1979); Apostolou v. Genovesi, 120 R.I. 501, 502, 388 A.2d 821, 824
(1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means in amount more than a scintilla but less than a preponderance." Caswell, 424 A.2d at 647 (citing Apostolou, 120 R.I. at 502,388 A.2d at 824-25). This Court must examine the record, and uphold the Board's decision affirming the Planning Commission, as long as the record reflects substantial evidence in support of this decision.[5]
 ANALYSIS
The Plaintiffs object to the Board's decision upholding of the Planning Commission's denial of their subdivision application. They claim it was an erroneous decision, in excess of the Planning Commission's authority, affected by error of law, and either arbitrary and capricious, or an abuse of discretion. The Plaintiffs also argue as to why four specific findings of the Planning Commission are erroneous, and are, therefore grounds for overturning the decision.
The Board maintains that it properly reviewed the Planning Commission's decision, and that the Planning Commission considered all relevant facts and standards when deciding the application. Further, the Board and the Planning Commission assert that there was an adequate basis for the Planning Commission's denial of the application for subdivision relief.
Section 3.1 of the North Kingstown Subdivision and Land Development Regulations governs the Planning Commission's review of applications for minor subdivisions.[6] Approval of a subdivision under Section 3.1 requires positive findings of fact as to six enumerated standards. Section 3.1 also explicitly provides that a negative finding of fact on any of the six standards is grounds for denial of an application.
In its decision denying the application, the Planning Commission stated its desire to refrain from "[using] the subdivision process to create substandard building lots," and noted that the "proposed subdivision did not meet the zoning ordinance."[7] This statement reflects the Commission's negative finding as to the second enumerated standard of Section 3.1, which states: "[e]ach subdivision shall conform to the standards and provisions of the North Kingstown Zoning Ordinance."[8]
That neither lot created by the subdivision would meet the zoning requirements of 40,000 square feet lots is undisputed. If this subdivision were allowed, the total area of the Dusels' property, Lots 72 and 77, would be 36,861 square feet. The total area of the Kentco property would be 33, 038 square feet.[9] Both lots created would be substandard.
This Court concludes that the Board properly examined the Planning Commission's record, and recognized the basis for its decision as valid. The Board correctly upheld the Planning Commission decision. There was no finding of "prejudicial procedural error, clear error, or lack of support by the weight of the evidence in the record," as is required by G.L 1956 § 45-23-70.
In reviewing the Zoning Board's decision, this Court adheres to the standards set forth in G.L. 1956 § 45-24-69, which states that "[t]he Court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact." The size of the lots proposed here, and the minimum applicable zoning requirements are undisputed. This Court cannot choose to weigh them any less, or any more, than the Planning Commission. Section 3.1 explicitly states the Planning Commission can properly deny an application based solely on a negative finding of one standard.
This Court sees no reason to overturn the decision, either on the record or the four findings of the Planning Commission upon which the Plaintiff relies. First, the Plaintiffs allege the Planning Commission failed to review the case on its merits, arguing that since the Technical Review Committee and the Town Engineer saw no problem with the plan, that it should have been approved. However, the Plaintiffs err in assuming that the Planning Commission must approve any recommendation of the Technical Review Committee. Though the Planning Commission can seek the Technical Review Committee's impact and feedback, it is not bound to follow any perceived recommendations it receives. Further, the Planning Commission did review the case on the merits, denying subdivision relief in order to prevent substandard lots.
The Plaintiffs also take issue with the Planning Commission's concern for setting precedent. Indeed, deciding in favor of the Dusels may well have set a precedent. However, it is irrelevant whether the Planning Commission considered this factor when deciding the case. Section 3.1 of the North Kingstown Subdivision and Land Development Regulations allows denial of an application if a negative finding to any one of the enumerated conditions is present. In this case, as noted above, the lots created would not conform with the zoning requirements of the area in question, which constitutes a negative finding as to one of these enumerated standards.
Although concern for a precedent might be insufficient grounds for denying relief on its own, it is clearly a valid concern of the Planning Commission, and as it was not the only consideration, is not a sufficient ground for overturning the decision. Moreover, this argument elucidates this Court's decision regarding another of the Plaintiffs' arguments. The Plaintiffs contend that the Planning Commission's concern about condoning an illegal act is an improper consideration. Certainly, if this were the sole basis for denying the application, this argument might be compelling. However, as this was not the sole reason for denying the application, this Court finds no impropriety.
Finally, the Plaintiffs allege that the Planning Commission violated the previous order of this Court. However, it is apparent that this Court merely remanded the case to the Planning Commission so it could review the application for subdivision relief. It did not order that relief be granted. Certainly, the Planning Commission heard the application and decided it, within the scope of its authority.
 CONCLUSION
Because the basis for the application's denial is one of the enumerated standards set forth in Section 3.1, this Court finds no error in the scope of authority employed by the Planning Commission or the Board in its decision, or in the law applied. For the foregoing reasons, the decision of the Board affirming the Planning Commission's denial of Plaintiffs' application for subdivision relief is upheld.
The administrative appeal in case number W.C. 2005-0110 is denied. The two cases previously consolidated herein are now severed. Counsel may submit appropriate orders.
[1] Kentco Development Inc. v. Zoning Board of Review of the Town ofNorth Kingstown, 2002 WL 220788 (R.I.Super.) 1, 4 (Jan. 28, 2002), Gagnon, J.
[2] Id. at 3.
[3] Section 45-23-70 allows for a very narrow standard of review by the Zoning Board. It says, in part: "The board of appeal shall not substitute its own judgment for that of the planning board or the administrative officer but must consider the issue upon the findings and record of the planning board or administrative officer. The board of appeal shall not reverse a decision of the planning board or administrative officer except on a finding of prejudicial procedural error, clear error, or lack of support by the weight of the evidence in the record."
[4] This text is also used in G.L. 1956 § 45-23-71(c) to explain this Court's jurisdiction for appellate review of zoning board decisions. However, the case at hand is a review of a Planning Commission decision, the jurisdiction for which is provided in G.L 1956 § 45-24-69 (b) (c), which appears quoted in full.
[5] Courts have uniformly interpreted the language of §§ 45-24-69 and45-23-71 of the Rhode Island General Laws, construing the scope of this Court's authority in appeals from both planning commission and zoning board of review decisions to be the same. For this reason, and because the portion of the text granting this Court jurisdiction in each kind of case is the same, cases interpreting both statutes are relevant to the standard of review in this case.
[6] The full text of Section 3.1, enumerating the standards, is as follows:
Sec. 3.1. General requirements.
 (a) All subdivisions submitted to the Town of North Kingstown for approval shall be subject to the requirements contained herein unless otherwise specifically provided. In the instances where approval of any subdivision or land development by the planning commission is required, the commission, prior to granting approval, shall make positive findings on all of the applicable standards listed below, as part of the record. If a negative finding for any of these standards is made, the planning commission shall have grounds for denial of the project design. These standards are:
 1. Each subdivision shall be consistent with the requirements of the North Kingstown Comprehensive Plan and/or shall satisfactorily address the issues where there may be inconsistencies.
 2. Each lot in the subdivision shall conform to the standards and provisions of the North Kingstown Zoning Ordinance. Lots not being created for the purpose of present or future development need not meet the area and other dimensional requirements of the zoning ordinance provided that:
 a. A notation is shown on the recorded plat that the lot being created is not a buildable lot; and
 b. A conservation or preservation restriction pursuant to G.L. 1956, § 34-39-1 et. seq., as amended, is granted to the Town of North Kingstown prohibiting any such present or future development.
 3. There will be no significant negative environmental impacts from the proposed development as shown on the final plan, with all required conditions for approval.
 4. The subdivision, as proposed, will not result in the creation of individual lots with such physical constraints to development that building on those lots according to pertinent regulations and building standards would be impractical. Lots with such physical constraints to development may be created only if identified as permanent open space or permanently reserved for a public purpose on the approved, recorded plans.
 5. All proposed land developments and all subdivision lots shall have adequate and permanent physical access to a public street. Lot frontage on a public street without physical access shall not be considered in compliance with this requirement.
 6. Each subdivision shall provide for safe circulation of pedestrian and vehicular traffic; for adequate surface water runoff; for suitable building sites; and for the preservation of natural, historical, or cultural features that contribute to the attractiveness of the community.
[7] Planning Commission Decision, 10/19/04.
[8] Id.
[9] Planning Commission Meeting Minutes, 9/21/04.