268 A.2d 819.

RAYMOND H. DE STEFANIS *vs.* RHODE ISLAND STATE BOARD OF ELECTIONS *et al.*

SEPTEMBER 1, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. The question is whether Raymond De Stefanis is a domiciliary of the 7th Representative District and thereby qualifies within the purview of G. L. 1956 (1969 Reenactment) §17-14-2[1] to be a candidate for nomination as representative in the Democratic Party primary in that district. That question was decided adversely to De Stefanis by the Board of Elections and on review pursuant to the controlling provisions of the Administrative Procedures Act (G. L. 1969 Reenactment §42-35-15) a justice of the Superior Court reversed. Under authority of §42-35-16, we granted certiorari at the instance of Robert F. Adamo, a duly qualified elector of the 7th Representative District, who has been duly certified and qualified as a candidate for nomination of the Democratic Party for representative in that district.

The trial justice in considering whether De Stefanis satisfied the §17-14-2 eligibility requirements for candidacy

---

[1] 17-14-2 reads: "No person shall be eligible to file a declaration of candidacy, or be eligible to be a candidate or be eligible to be voted for or to be nominated or elected in a party primary unless such person shall, at the time of filing such declaration be qualified to vote in a primary within the district for the office which he seeks."

found that "the only relevant evidence before the Board proved conclusively that appellant's home and place of residence was in the 7th Representative District," and that the decision of the Board was "clearly erroneous in view of the reliable, probative and substantive evidence on the whole record." He did not refer, however, to the evidence upon which he relied for that conclusion, nor did he in any way set forth the grounds for his decision and thereby apprise us of the factual basis for his interference with the administrative determination. Instead, in a case where the evidence was clearly susceptible to conflicting inferences, his decision was conclusional, rather than factual, and although fairly reciting legal principles, failed to support them with prerequisite evidentiary findings. In short the trial justice substituted his judgment for that of the Board, and that the act in §42-35-15 (g)[2] specifically prohibits.

While in other circumstances we would probably remand to the Superior Court so that the trial justice might clarify and complete his decision, that alternative is not reasonably open to us in this case. Here time is of the essence. The primary at which the Democratic candidate for representative in the 7th District will be nominated has been scheduled by the Legislature for Tuesday, September 15, and we have grave doubts concerning our power to invade the legislative province and postpone that primary. See Annotations 70 A.L.R. 733, 33 A.L.R. 1376.

We treat the case, therefore, not as statutory certiorari to review a decision of the Superior Court, but as if it were common-law certiorari to review the decision of the Board of Elections. In reviewing, of course, we do not pass on the weight of the evidence which the Board con-

---

[2]42-35-15 (g) in pertinent part reads: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. * * *"

sidered, but instead merely examine it to determine whether there was any of probative force which lends support to its conclusion or whether instead its decision was arbitrarily made without the support of any such evidence. *Papineau* v. *Personnel Board,* 101 R. I. 359, 223 A.2d 549; *Henry* v. *Thomas,* 100 R. I. 564, 217 A.2d 668; *Santos* v. *City Council,* 99 R. I. 439, 208 A.2d 387. Our examination fully satisfies us that there was legal evidence upon which the Board could have concluded as it did.

The petition for certiorari is granted, the decision of the Superior Court is quashed, the decision of the Board of Elections is affirmed, and the records and the papers in the case are ordered returned to the Superior Court and by it to the Board of Elections with our decision endorsed thereon.

*Anthony J. Bucci,* for petitioner Robert F. Adamo; *Joseph Palmieri,* for plaintiff Raymond H. De Stefanis.

*W. Slater Allen,* Assistant Attorney General, for respondent.

*Samuel Corrado,* plaintiff, pro se.

*Timothy J. McCarthy, Paul F. Casey,* for Providence Redevelopment Agency.