[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the appeal of Eric Treaster ("plaintiff") from an August 15, 1990 decision of the Rhode Island Mobile and Manufactured Home Commission ("the Commission") regarding several complaints filed against him by the Border Hill Community Association Inc. ("the Association"). Jurisdiction in this Superior Court is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 42-35-15.
STATEMENT OF FACTS
The facts pertinent to the instant appeal are as follows. Plaintiff is the owner and operator of the Border Hill Mobile Home Park located in Charleston, Rhode Island. The Commission was created under the authority of R.I.G.L. 1956 (1982 Reenactment) §31-44-1.1 within the Department of Business Regulation. The Association is a non-profit corporation comprised of mobile home tenants of plaintiff's park.
In 1990, the Association filed complaints No. 90-3, 90-4 and 90-7 with the Commission against plaintiff. Said complaints allege plaintiff committed reprisals against certain Association members and violated a previous Order of the Commission prohibiting direct communication between plaintiff and Association members.
The Commission notified plaintiff by letter dated May 2, 1990, that a pre-hearing conference was scheduled regarding the above-mentioned complaints. The pre-hearing conference date was scheduled for May 14, 1990. However, the hearing officer was unable to attend the scheduled conference and plaintiff submitted a motion to reschedule the conference. Thereafter, on May 18, 1990, plaintiff received notice from the hearing officer rescheduling the hearing to May 24, 1990. Plaintiff filed a motion to reschedule the hearing to a later date. Subsequently, on August 2, 1990, plaintiff received a letter postmarked July 31, 1990, from the Commission advising him the full hearing on all of the complaints was scheduled for August 9, 1990. Plaintiff immediately filed a motion with the Commission to reschedule the hearing to a later date citing lack of adequate notice.
Upon the commencement of the the August 9, 1990 hearing, plaintiff orally raised the issue of adequacy of notice. Plaintiff's objection passed without being voted upon by Commission members and the hearing proceeded.
In a decision dated August 15, 1990, the Commission found plaintiff committed the alleged reprisals and found him in violation of the previous Order of the Commission prohibiting communication with Association members. Plaintiff filed the instant appeal on August 31, 1990.
ANALYSIS
In reviewing an administrative agency appeal, this Court is constrained by R.I.G.L. 1956 (1988 Reenactment) § 42-35-15, which provides in pertinent part as follows:
 42-35-15 Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Fundamental in the statute is the basic legislative intention that this Court should not, and cannot, substitute its judgment on questions of fact for that of the agency. Lemoine v.Department of Public Health, 113 R.I. 285, 291 (1974). This is so even in those cases where this Court, after reviewing the certified record and evidence might be inclined to view the evidence differently than did the agency. Cahoone v. Board ofReview, 104 R.I. 503, 506 (1968); Beberian v. Department ofEmployment Security, 414 A.2d 480, 482 (1980). Judicial review on appeal is limited to an examination and consideration of the certified record to determine if there is any legally competent evidence therein to support the agency's decision. If there is such evidence, this Court is required to uphold the agency's factual determinations. Blue Cross and Blue Shield v. Caldarone,520 A.2d 969, 972, (1987); Narragansett Wire Co. v. Norberg,118 R.I. 596, 607 (1977); Prete v. Parshley, 99 R.I. 172, 176 (1965).
Where, however, the findings or conclusions made by an agency are "totally devoid of competent evidentiary support in the record" or by the reasonable inferences that can be drawn therefrom, then the findings made by the agency are not controlling upon this Court. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (1981); Millerick v.Fascio 384 A.2d 601, 603 (1978); DeStefanis v. Rhode IslandState Board of Elections, 107 R.I. 625, 627, 628, (1970).
Plaintiff herein raises both procedural and constitutional issues. At the outset, plaintiff contends procedural notice requirements were not complied with by the Commission. It is plaintiff's position the Commission violated its own regulations by failing to provide plaintiff with at least fifteen (15) days notice of the August 9, 1990 hearing despite his objections.
Plaintiff asserts that § 5(1)(a) of the Commission regulations is controlling. Said section provides as follows:
 "The place, date, and hour of the pre-hearing conference or public hearing, or both may not be less than fifteen (15) nor more than thirty (30) days after the issuance and service of the complaint and notice of pre-hearing conference, public hearing, or both. . . ."
The Commission argues that the applicable notice provision is delineated in § (2) of the Commission regulations which states: "[i]n any contested case before the Commission, notice shall be given to all interested parties pursuant to R.I.G.L. 1956 §42-35-9." Section 42-35-9 provides that "[i]n any contested case, all parties shall be afforded an opportunity for hearing after reasonable notice." This argument is without merit.
In the instant case, reliance on the provisions of § 42-35-9
is unwarranted as the regulations of the Commission specifically provide for notice in § 5(1)(a). Accordingly, the Commission was required to give plaintiff fifteen (15) days notice prior to the hearing. The undisputed facts contained in the certified record indicate that plaintiff was sent notice of the hearing by letter postmarked July 31, 1990; the scheduled hearing date was August 9, 1990. Plaintiff herein was given nine (9) days notice which is clearly less than that prescribed by § 5(1)(a).
Furthermore, the record reveals plaintiff twice objected to the adequacy of notice given. Plaintiff first objected in writing immediately upon receiving the letter on August 2, 1990. He subsequently objected orally at the beginning of the hearing on August 9, 1990. The certified record indicates that Commission members failed to vote on plaintiff's objection, accused him of playing games and stated that plaintiff had ample time to prepare.
The evidence reveals that the hearing was conducted despite a violation of the Commission's own rule regarding notice. Plaintiff correctly argues that in such matters, notice is a jurisdictional prerequisite and that action taken by a board which has not first satisfied the notice requirements is a nullity. Corporation Service, Inc. v. Zoning Board of Review ofTown of East Greenwich, 330 A.2d 402, 404 (R.I. 1975). Consequently, the remaining issues set forth by plaintiff are rendered moot.
For the reasons hereinabove set out, this matter is remanded to the Commission for a de novo hearing on the complaints following proper notice compliance.
Counsel shall prepare the appropriate Judgment for entry by the Court.