[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Rhode Island State Labor Relations Board made and entered on September 9, 1992. The appeal was assigned for decision here in this Superior Court on September 24, 1993. No reason for the delay of assignment appears in the case file. Jurisdiction in this Superior Court is pursuant to § 42-35-15 R.I.G.L.; Barrington School Committee v. RhodeIsland State Labor Relations Board, 608 A.2d 1126, 1130 (R.I. 1992).
I
CASE TRAVEL-FACTS
In late April, 1989, Glenn E. Moniz was hired by the East Providence School Department to work as a "day to day substitute custodian." A Department document referred to as "Certification for Payroll" listed him as an employee in the School Department and fixed his hourly rate of pay at five ($5.00) dollars. That certification of employment authorized payroll disbursement to Mr. Moniz. It was signed by both the Superintendent of Schools and the Assistant Superintendent for Personnel. (Union Exhibit3)
Mr. Moniz commenced work as a "fill in" or substitute custodian performing the usual janitorial and maintenance duties on May 8, 1989 and worked, continuously thereafter in that capacity until December 27, 1989. (tr. p. 8-9) His hours of employment varied, but the record discloses that of the thirty-two weeks of his active employment he worked twenty or more hours in twenty-eight of those work weeks. (tr. p. 7-8,15)
On December 27, 1989, Mr. Moniz was informed that he was going to be replaced by another person and asked to show that other person how the work was to be performed and explain the duty obligations to that person. At the conclusion of the work day on December 27, 1989 Mr. Moniz was terminated.
At the time of his employment and termination Rhode Island Council 94, AFSCME, AFL-CIO, Local 2969, was the duly certified exclusive bargaining agent for that unit of school department employees consisting of "all Janitorial and Maintenance Personnel" employed by the East Providence School Committee. There is no question but that Mr. Moniz was employed to perform, and did perform janitorial and maintenance work for the East Providence School Department. (tr. p. 5, 7, 8, 15) The City of East Providence questions however in this proceeding, his union membership status because during the period of his active employment Mr. Moniz did not receive the usual collective bargaining contract benefits such as Blue Cross, Delta Dental, vacation and personal day benefits, longevity or incentive pay, and, was actually paid less than the union contract hourly rate of pay. (tr. p. 14)
In any event, and notwithstanding what the East Providence School Committee believed Mr. Moniz's status to be, Mr. Moniz went to the Union, Local 2969 and requested its help. Moniz filed an "Official Grievance" on January 16, 1990 wherein he claimed that as a member of the collective bargaining unit he was not allowed to exercise any seniority rights under the collective bargaining agreement. Some days later on January 23, 1990 the School Committee through its Superintendent of Schools notified Mr. Moniz that he lacked standing to file a collective bargaining contract grievance because he was not a "regular" employee in the school department and was not a member of the collective bargaining unit. Local 2969 on February 16, 1990 filed an Unfair Labor Practice Charge against the School Committee contending therein that its refusal to process Mr. Moniz's grievance was an unfair labor practice in violation of § 28-7-13(7)(10). An informal conference attempt to resolve the dispute failed and the Rhode Island State Labor Relations Board issued an Unfair Labor Practice Complaint against the School Committee. That complaint was scheduled for formal hearing before the State Labor Board on November 21, 1990, and after hearing, the Board on September 9, 1992 made and entered its Decision and Order which is the subject matter of this appeal.
II
APPELLATE REVIEW PURSUANT TO § 42-35-15
General Laws 1956, § 42-35-15, as amended, confers appellate jurisdiction in this Superior Court to review decisions of the various state administrative agencies. The scope of review permitted, however, is limited by that statute. Fundamental in the statute is the basic legislative intention that this Court should not, and cannot, substitute its judgment on questions of fact for that of the respondent agency. Lemoine v. Department ofPublic Health, 113 R.I. 285, 291 (1974). This is so, even in those cases where this Court, after reviewing the certified record and evidence might be inclined to view the evidence differently than did the agency. Cahoone v. Board of Review,104 R.I. 503, 506 (1968); Berberian v. Department of EmploymentSecurity, 414 A.2d 480, 482 (1980). Judicial review on appeal is limited to an examination and consideration of the certified record to determine if there is any legally competent evidence therein to support the agency's decision. If there is such evidence, this Court is required to uphold the agency's factual determinations. Blue Cross Blue Shield v. Caldarone,520 A.2d 969, 972 (1987); Narragansett Wire Co. v. Norberg,118 R.I. 596, 607 (1977); Prete v. Parshley, 99 R.I. 172, 176 (1965).
Where, however, the findings or conclusions made by an agency are "totally devoid of competent evidentiary support in the record" or by the reasonable inferences that can be drawn therefrom, then the findings made by the agency are not controlling upon this Court. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (1981); Millerick v.Fascio, 384 A.2d 601, 603 (1978); DeStefanis v. Rhode IslandState Board of Elections, 107 R.I. 625, 627, 628 (1970).
The Administrative Procedure Act, G.L. 1956 § 42-35-15,
permits this Court to reverse, modify or remand an agency decision only in those instances where it finds that substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are in violation of constitutional or statutory provisions; or in excess of the statutory authority of the agency, or made upon unlawful procedure, or affected by other error of law, or clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or is arbitrary or capricious or characterized by abuse of discretion or by a clearly unwarranted exercise of the agency's discretion.[1]
III
COURT'S REVIEW OF CERTIFIED RECORD
At the November 21, 1990, hearing before the Labor Relations Board the issues before it were quite specific. Those issues were, was Glenn E. Moniz an employee of the East Providence School Department and if so, did he thereby become a part of, or member in, the certified bargaining unit represented by Local 2969? If found to be both of the above, Mr. Moniz was thereby entitled to file a union grievance and to pursue the grievance procedure set out in the collective bargaining agreement between Local 2969 and the School Committee and the Committee's refusal to acknowledge and process that grievance could certainly constitute an Unfair Labor Practice under § 28-7-13(7)(10).
In addressing those issues, the Labor Board quite correctly centered its inquiry on the collective bargaining contract entered into by Local 2969 and the School Committee. That contract clearly recognized Local 2969 as the exclusive collective bargaining agent for all janitorial and maintenance personnel employees in the School Department. Clearly, as found by the Labor Board, Mr. Moniz was hired to, and did perform janitorial and maintenance work. The mere fact that the School Committee failed to pay him the union hourly rate of pay and failed to afford him the other union contract benefits previously noted, did not change or alter his employment status and work duties. Without attempting to appear facetious, whether a zebra is white with black stripes, or is black with white stripes, does not change or alter the indisputable fact that the zebra is still a zebra.
In this case, the parties are bound by the clear and unambiguous language contained in the collective bargaining agreement they each signed and agreed to. Theroux v. BayAssociates, Inc., 339 A.2d 266, 268 (R.I. 1975); Flanagan v.Kelly's System of New England, Inc., 286 A.2d 249 (R.I. 1972);Hill v. M.S. Alper Son, Inc., 256 A.2d 10 (R.I. 1969). If performance of that contract becomes more difficult or more expensive than originally anticipated, that fact does not justify disregarding the contract. Grady v. Grady, 504 A.2d 444, 447 (R.I. 1986).
In the collective bargaining agreement Local 2969 is the sole and exclusive bargaining agent for all janitorial and maintenance personnel employed by the East Providence School Committee. All
means all, and nothing could be more definite and unambiguous than that all inclusive word. There is nothing noted in the collective bargaining agreement that suggests any exceptions to the words "all janitorial and maintenance personnel." There is nothing in § 28-9, 4-2(b) that would permit the School Committee the advantage to differentiate between part-time or "day to day" janitorial and maintenance personnel. The School Committee's failure to have included such different classes or categories of employees in its contract with Local 2969 is neither the fault or the responsibility of Mr. Moniz.
The Labor Board in its decision clearly recognized the real issues before it. The Board concluded from the hearing record and evidence that Mr. Moniz was an employee of the East Providence School Committee from May 8, 1989 through December 27, 1989 and was a member of the collective bargaining unit represented by Local 2969. As a consequence the Labor Board concluded that Mr. Moniz had standing to file a grievance against the School Committee and that the Committee's refusal to process and determine that grievance constituted an Unfair Labor Practice in violation of § 28-7-13(7)(10). Those findings are clearly supported by the certified record in this case.
Accordingly, this Court in its review of that record finds nothing therein which is in violation of any constitutional or statutory authority; finds nothing therein to suggest that the Labor Board acted in excess of the authority granted to it by law; finds that the Labor Board's procedure was lawful and that its decision is not affected by any error of law. This Court further finds that the Labor Board's decision is not clearly erroneous in view of the reliable, probative and substantial evidence contained in the record; is not arbitrary or capricious, and, is not characterized by any abuse of discretion by the Labor Board.
Accordingly, pursuant to the specific legislative mandate contained in § 42-35-15 R.I.G.L. this Court must, and does, deny and dismiss the plaintiff-appellant's appeal.
The decision of the Rhode Island State Labor Relations Board made on September 9, 1992 is affirmed.
Counsel will prepare and present an appropriate Judgment for entry by the Court within fifteen (15) days.
[1] As a matter of passing interest the Court notes that its statement of appellate review happens to be exactly the same as contained in Defendant's Brief, pages 5-7. The precise coincidence is remarkable in that it is exactly as first written by this Court in its 1989 decision in Barrington SchoolCommittee v. Rhode Island State Labor Relations Board, affirmed in 608 A.2d 1126 (R.I. 1992). No unfavorable inference is of course intended.