[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
These are two appeals from a decision of the Commissioner of Education for the State of Rhode Island. Jurisdiction in this Superior Court is pursuant to § 16-64-6 and § 42-35-15R.I.G.L. Both appeals have been consolidated for purposes of this review.
I
CASE TRAVEL — FACTS
There are two appeals before this Court for decision. Thefirst is P.C. 92-7250, which is an appeal by the Barrington School Committee (Committee) from a November 23, 1992 decision of the State Commissioner of Education (Commissioner). Thesecond is P.C. 92-7298, which is an appeal from that same Commissioner's decision by Emma Pendleton Bradley Hospital (Hospital).
The Hospital in its appeal is attempting to obtain payment for services rendered to a special education student attending a 230-day-a-year program at the hospital in accordance with a placement there by the Barrington School Department.
The Committee's appeal concerns the failure of the Commissioner to determine the special education student's residency in accordance with its first request for a residency determination made on December 19, 1991, but withdrawn the following day.
For the purpose of preserving the confidentiality of the minor child student and his parents, the minor child will be hereinafter referred to as the Student and his parents as theFather and Mother.
Father, Mother and Student resided for some years in the Town of Barrington at 27 Sunset Avenue. From that residence, Student was entitled to educational benefits from the town. § 16-64-1;16-64-2 R.I.G.L. Because of Student's special needs, the Barrington School Department arranged with the Emma Pendleton Bradley Hospital to place him at the hospital in what is referred to as a "230-day-a-year program" for special treatment and schooling. At the time of the placement, Student was living with his parents at 27 Sunset Drive in Barrington. Because of marital difficulties and a subsequent Family Court order, Student's father, in June of 1991, was ordered out of the marital residence on Sunset Drive. Student's mother shortly thereafter vacated the residence and Student went to live with his father at the father's parents' home in Seekonk, Massachusetts. Student in the meantime continued to attend the Bradley Hospital program. He and his father remained in Seekonk until early December 1991 at which time they found new living quarters in Barrington at 40 Prospect Street.
In the interim, the Barrington School Department which had learned that Student and his father were living in Seekonk, but had not learned of their return to Barrington filed a request with the State Commissioner of Education for a determination that the Town of Barrington was no longer responsible for the funding or payment of the Student's special education at the Bradley Hospital in accordance with § 16-64-6 R.I.G.L. That request for determination was by letter dated December 19, 1991. The next day, on December 20, 1991, the Barrington School Department did learn that Student and Father had in fact returned to live in Barrington, and accordingly sent another letter to the State Commissioner of Education withdrawing its previous request for a residency determination. Three months later in March 1992, Student's father notified the Barrington School Department's Special Education Office that both he and Student were moving out of their Barrington residence and returning once again to live with his parents in Seekonk. At the residency determination hearing before the Commissioner of Education's hearing officer, Father testified that he and Student had moved out of Barrington, to his parents' home in Seekonk, but, that he "intended at some later time to return to live in Barrington." In furtherance of that intention, he did not change his voting or registry of motor vehicle registrations, and, he continued to maintain a post office box for receipt of mail in Barrington. He also testified that his son continued to attend classes at the Bradley Hospital and that he had never enrolled Student in any town school system other than Barrington.
Apparently, because of the somewhat unusual movement of Father and Student between Barrington and Seekonk, coupled with Father's late March 1992 notification to the Barrington School officials to discontinue school transportation for his son because they were moving back to Seekonk, the Barrington School Committee filed another petition for residency determination with the State Commissioner of Education pursuant to § 16-64-6R.I.G.L. That last, or second request for determination of residency concerned Student's residence from September 1, 1991 "through the date of the hearing on the petition."
II
SCOPE OF APPELLATE REVIEW PURSUANT TO § 42-35-15 R.I.G.L. General Laws 1956, § 42-35-15, as amended, confers appellate jurisdiction in this Superior Court to review decisions of the various state administrative agencies. The scope of review permitted, however, is limited by that statute. Fundamental in the statute is the basic legislative intention that this Court should not, and cannot substitute its judgment on questions of fact for that of the respondent agency. Lemoine v. Department ofMental Health, 113 R.I. 285, 291 (1974). This is so, even in those cases where this Court, after reviewing the certified record and evidence might be inclined to view the evidence differently than did the agency. Cahoone v. Board of Review,104 R.I. 503, 506 (1968). Judicial review on appeal is limited to an examination and consideration of the certified record to determine if there is any legally competent evidence therein to support the agency's decision. If there is such evidence, this Court is required to uphold the agency's factual determinations.Liberty Mutual Ins. Co. v. Janes, 586 A.2d 536, 537 (R.I. 1991); St. Pius X Parish Corp. v. Murray, 557 A.2d 1214 (R.I. 1989); Costa v. Registrar of Motor Vehicles, 543 A.2d 1307
(R.I. 1988); Sartor v. Coastal Resources Mgt. Council,542 A.2d 1077 (R.I. 1988); Narragansett Wire Co. v. Norberg,118 R.I. 596, 607 (1977); Prete v. Parshley, 99, R.I. 172, 176 (1965).
Where, however, the findings or conclusions made by an agency are "totally devoid of competent evidentiary support in the record" or by the reasonable inferences that can be drawn therefrom, then the findings made by the agency are not controlling upon this Court. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (1981); Millerick v.Fascio, 384 A.2d 601, 603 (1978); DeStefanis v. Rhode IslandState Board of Elections, 107 R.I. 625, 627, 628 (1970).
The Administrative Procedure Act, G.L. 1956 § 42-35-15,
permits this Court to reverse, modify or remand an agency decision only in those instances where it finds that substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are in violation of constitutional or statutory provisions; or in excess of the statutory authority of the agency, or made upon unlawful procedure or affected by other error of law, or clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or is arbitrary or capricious or characterized by abuse of discretion or by a clearly unwarranted exercise of the agency's discretion.
III
REVIEW OF CERTIFIED RECORD
What brings the parties, including the appellate plaintiff, Emma Pendleton Bradley Hospital (Hospital) to this litigation is quite simple and direct. Student is a special education student who was placed with Hospital in a so-called "230-day-a-year program" by the Barrington School Department in "late Spring 1991." Prior to that enrollment Student had been an in-patient at the Hospital and had been provided educational services through and at Town of Barrington's expense.
Section 16-64-2 R.I.G.L. provides that Student is eligible to receive his education from the city or town wherein he resides. That duty and corresponding expense obligation continues "until his or her residence has been established in another townand that other town has enrolled the child within its schoolsystem, unless the commissioner of elementary and secondaryeducation, pursuant to § 16-64-6 has ordered otherwise" (16-62-2 R.I.G.L.)
Whenever a particular city or town school department believes that any such resident child that it is responsible for is no longer a resident within its city or town, it may file a petition to determine the child's residence with the State Commissioner of Elementary and Secondary Education. The Commissioner is then required to give notice of the petition to all interested parties and to then schedule and conduct a hearing on the petition. §16-64-6 R.I.G.L. In this case, when Student and his father began living in Seekonk, the Town of Barrington, when it first became aware of that fact, filed such a petition. That petition was filed on December 19, 1991. The town then learned that Student and his father had returned to live in Barrington and accordingly, immediately, on December 20, 1991, withdrew its request for the residence determination. Some five months later on June 2, 1992 the town once again learned that Student and his father were not living in Barrington and so filed another petition to determine residency with the Commissioner. After conducting the required hearing on that second petition, the hearing officer, who had been delegated by the Commissioner to hold the hearing, concluded that Student did not reside within the Town of Barrington from June 2, 1992 through November 23, 1992, which latter date is the day on which the decision was filed. The Commissioner also concluded that until such time as Student re-established residency in Barrington that the town was not responsible for Student's education and educational expenses. Unfortunately, the hearing officer failed to make any finding as to where Student had become a resident and that he had been enrolled in that city or town's school system as specifically required by § 16-64-2 R.I.G.L. That failure on the part of the hearing officer constitutes an error of law which pursuant to §42-35-15 R.I.G.L. mandates reversal or remand. In view of the rather unique factual background of this case, including what appears from the record to be a commendable, but unsuccessful attempt by the Commissioner to have made the Town of Seekonk, a party to the hearing, this Court will opt for a remand rather than a reversal of the Commissioner's decision as pertains toP.C. 92-7250.
Accordingly, in P.C. 92-7250 this matter is remanded to the Commissioner so that he may complete the record by making the required findings as to where in fact Student's residence has been established, other than in Barrington, and the city or town school system wherein Student has been enrolled. The above findings by the Commissioner are essential in this case because Student's residence, once having been established in Barrington, remains there for schooling requirement purposes "until his orher residence has been established in another town and that townhas enrolled the child within the school system . . ." §16-64-2 R.I.G.L. By virtue of § 16-64-2, until the Commissioner determines that Student is a resident in town X and is enrolled in town X's school system. Student is still technically and by statute a resident of Barrington and still enrolled as a student in that town's school system.
As pertains to PC. 92-7298 the appeal therein by Hospital is sustained. The Commissioner in his November 23, 1992 decision made no finding as to Student's residency outside of the Town of Barrington and no finding that Student had been enrolled in any school system outside of the Town of Barrington. Until such findings are made. Student is still considered by § 16-64-2R.I.G.L. to be a resident of Barrington for educational responsibility purposes. In addition, Student was initially placed in Hospital's "230-day-a-year" program by the Town of Barrington. It contracted with Hospital for that service. Until such time as the town is able to legally remove Student from the Hospital's program it remains responsible for his expenses there. That would appear to be not only common sense, but also in total accord with simple and basic fundamentals of contract law, whether express or implied.
The parties will prepare and present the appropriate Judgment for entry within ten (10) days.