DECISION
This is an appeal from a decision of the Board of Certification of Social Workers (Board) being part of the Rhode Island Department of Human Services. Jurisdiction in this Superior Court is pursuant to § 42-35-15, R.I.G.L.
I.
CASE TRAVEL — FACTS
For some time prior to April 7, 1989 Robert J. Pilkington (plaintiff) was employed as a clinical social worker at Family Service, Inc. in Providence. His employment there terminated on that date. Thereafter, he was employed in an administrative capacity at the Institute of Mental Health in Cranston. While so employed, on February 17, 1990, he sold and delivered cocaine to two undercover policemen in a bar in Smithfield, Rhode Island. On May 29, 1990 he was arrested and charged with the delivery of that cocaine. His employment at the Institute was then terminated. The details of his later employment is outlined by him in the certified record of the hearing before the Board of Certification of Social Workers. (transcript pp. 46-61). In any event, while the plaintiff's criminal charge was awaiting trial, he applied for certification from the Board as a Certified Independent Social Worker. (C.I.S.W.) That certification would permit him to engage in clinical social work independently or without supervision. At the time of his application he appears to have been working at The Center, Inc., under the direction and authority of Thomas Paolino, M.D. doing crisis intervention counselling and in addition, some substance abuse counselling. The Board of Certification granted the plaintiff's application for certification in January, 1992, retroactive to the date of examination therefore on October 19, 1991. In April of 1992, the plaintiff applied to the Board for renewal of his C.I.S.W. certification. On his application form he noted thereon, that on March 26, 1992 he had entered a plea of nolo contendere to the charge of delivery of cocaine and on that plea was sentenced to a term of ten (10) years at the Adult Correctional Institutions, which was suspended, and he was placed on probation for a term of ten (10) years. The plaintiff, because of the conviction information contained on his renewal application, was advised that his application was being investigated, but that pending completion of the Board's investigation, his prior certification was permitted to remain valid and in effect. In April of 1993, the Board completed its investigation. That investigation, incidentally, had been undertaken by two Board members and their report was presented to the Board. The Board, acting without the participation of the two investigating members concluded that disciplinary action should be taken against the plaintiff with regard to his pending application for certification. After informal endeavors to resolve the application certification problem failed, the Board proceeded to initiate formal proceedings based on a sworn complaint by one of the investigators and a formal hearing was scheduled and held. At that hearing the Board heard testimony from the undercover officers who had purchased the cocaine from the plaintiff for $90.00. It also heard from the plaintiff and other witnesses. The plaintiff in his testimony before the Board said in answer to a question as to whether he had sold the cocaine to the two undercover policemen, "Well, I offered to give it to them" "for nothing." He admitted however he did take the $90.00 negotiated price from the officers. (transcript p. 64) The plaintiff thereafter attempted to explain how he came into possession of the cocaine. He related that some ten days earlier he had assisted some stranded "acquaintances" and that as "good fellows" they gave the cocaine to him as a "gift." (transcript p. 64) He testified that he just happened to keep the cocaine in his pocket for some 10 days to 2 weeks before his delivery of same to the policemen. (transcript p. 65) The police witness testimony however was entirely different. (transcript pp. 6-29) The cocaine came from the plaintiff's shirt pocket and was delivered for $90.00 in the men's room at the Cafe Sport, after the plaintiff and a suspected drug dealer, "Andy," had earlier gone outside the Cafe Sport. (transcript pp. 22-23) One of the officers also testified that in the course of the undercover drug investigation he had been provided with a list of "potential targets" and the plaintiff's name along with that of "Andy" was on the list as a known suspected drug dealer. (transcript p.25) The plaintiff, at the hearing, declined to cross examine or question either of the two undercover policemen. (transcript p.19, 29) The hearings before the defendant Board concluded on October 7, 1993 and on December 3, 1993 the Board rendered a written decision in which it suspended the plaintiff's certification as a certified independent social worker for a period of one year; held in abeyance for one year the plaintiff's application for recertification and concluded that upon completion of the one year suspension, the plaintiff, should he apply for recertification would be required to work under the supervision of three supervisors to be selected by the plaintiff, the supervision to consist of at least "one (1) face-to-face one (1) hour session each week." The defendant Board in its decision also reserved the right to require random drug screens for a two year period and warned the plaintiff that during the two year supervision period, should he be charged with any legal violations or have positive drug screens his certification would be revoked.
The plaintiff, after receipt of the defendant Board's December 3, 1993 decision, requested a rehearing, before the Board. That request for rehearing was denied on December 13, 1993. In his request for rehearing the plaintiff simply wanted to reargue that his plea of nolo contendere to the cocaine delivery charge did not bear any substantial relationship to his work as a certified independent social worker and that because the Board had not adopted any Rules and Regulations, it lacked authority to order what it had done. A copy of the Board's Rules and Regulations were given to the plaintiff along with the Board's letter notifying the plaintiff that his request for a rehearing had been denied. That notification on December 13, 1993 was in compliance with § 5-39-19, R.I.G.L.
Thereafter within the time required by § 42-35-15 the plaintiff duly filed his appeal from the Board's decision in this Superior Court on January 12, 1994.
II.
APPELLATE REVIEW PURSUANT TO G.L. § 42-35-15
General Laws 1956, § 42-35-15, as amended, confers appellate jurisdiction in this Superior Court to review decisions of the various state administrative agencies. The scope of review permitted, however, is limited by that statute. Fundamental in the statute is the basic legislative intention that this Court should not, and cannot, substitute its judgment on questions of fact for that of the respondent agency. Lemoine v. Department ofPublic Health, 113 R.I. 285, 291 (1974). This is so, even in those cases where this Court, after reviewing the certified record and evidence might be inclined to view the evidence differently than did the agency. Cahoone v. Board of Review,104 R.I. 503, 506 (1968). Judicial review on appeal is limited to an examination and consideration of the certified record to determine if there is any legally competent evidence therein to support the agency's decision. If there is such evidence, this Court is required to uphold the agency's factual determinations.Strafach v. Durfee, 635 A.2d 277, 280 (1993); BarringtonSchool Committee v. Rhode Island Labor Relations Board,608 A.2d 1126, 1128 (1992); Narragansett Wire Co. v. Norberg,118 R.I. 596, 607 (1977); Prete v. Parshley, 99 R.I. 172, 176 (1965).
Where, however, the findings or conclusions made by an agency are "totally devoid of competent evidentiary support in the record" or by the reasonable inferences that can be drawn therefrom, then the findings made by the agency are not controlling upon this Court. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (1981); Millerick v.Fascio, 384 A.2d 601, 603 (1978); DeStefanis v. Rhode IslandState Board of Elections, 107 R.I. 625, 627, 628 (1970).
The Administrative Procedure Act, G.L. 1956 § 42-35-15, permits this Court to reverse, modify or remand an agency decision only in those instances where it finds that substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are in violation of constitutional or statutory provisions; or in excess of the statutory authority of the agency, or made upon unlawful procedure, or affected by other error of law, or clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or is arbitrary or capricious or characterized by abuse of discretion or by a clearly unwarranted exercise of the agency's discretion.
III.
CERTIFIED RECORD REVIEW
As previously noted, this Court cannot under § 42-35-15
substitute its judgment for that of the Board's on the issues of fact that were determined by the Board. With regard to the issues of law raised by the plaintiff in his appeal and legal memorandum, those appear clearly to be without merit. His earlier contention that the Board's action violated his right to due process of law by failing to promulgate any rules or regulations appears to have been later abandoned, due to the fact that the Board, in its December 13, 1993 letter to the plaintiff included therein a copy of its previously adopted rules and regulations.
The plaintiff's appellate contention challenging the finding of fact made by the Board that his felony cocaine delivery conviction bore a substantial relationship to his work and services as a certified independent social worker is interesting, but without merit. This Court cannot, under law, substitute its judgment on that fact found by the Board, but it does certainly agree with the reasoning set out by the Board in arriving at its finding. There is certainly more than substantial evidence in the certified record to support the Board's finding. The mere fact that the plaintiff interprets the evidence differently than does the Board does not alter the validity of its finding.
Plaintiff's additional contention in his appeal appears to be that there was no sworn complaint filed with the Board to initiate the disciplinary proceedings against him. He simply misreads § 5-39-17 as permitting only one method of initiating disciplinary proceedings before the Board. That statute actually provides two (2) methods, one by sworn complaint from anyone, filed with the Director of Human Services and the other, by sworn complaint from the Board of Registration, after investigation. A close reading of the statute reveals the availability of the two methods.
 "When a sworn complaint is filed with the director of human services charging a person with having been guilty of any of the actions specified in § 5-39-16, the director of human services shall immediately investigate those charges, or the board of registration of social workers, after investigation, may institute charges."
A plausible reading of that particular statute in conjunction with Chapter 39 of Title 10 permits the conclusion that the Board may investigate, on its own, information concerning the fitness, competency and qualifications of those persons registered with it to perform clinical social work with the public in order to insure that such persons "merit the public trust." The Board itself may then, if it sees fit, on its own, initiate the sworn complaint procedure referred to in the statute. § 5-39-6; § 5-39-9; § 5-39-16. In this case, it appears without dispute, that when the plaintiff's application for renewal of his certification came to the Board it learned therefrom of his cocaine delivery felony conviction. His work field mandated Board investigation. That investigation was undertaken, and from it came the sworn complaint by one of the investigation team, Richard Gaskell. (transcript p. 1, 4) Accordingly, the Board did proceed on the basis of a sworn complaint before it. The mere fact that the plaintiff believes that the Gaskell sworn complaint is not what he perceives a sworn complaint to be, primarily because he himself was not questioned by Gaskell, addresses not the nature, but instead, the thoroughness of the sworn complaint.
This Court after conscientious review of the entire record finds nothing therein which is in violation of any constitutional or statutory authority; finds nothing therein to suggest that the Board acted in excess of the authority granted to it by law; finds that the Board's procedure was lawful and that its decision is not affected by any error of law. This Court further finds that the Board's decision is not clearly erroneous in view of the reliable, probative and substantial evidence contained in the record; is not arbitrary or capricious, and, is not characterized by any abuse of discretion by the Board.
Accordingly, pursuant to the specific legislative mandate contained in § 42-35-15 R.I.G.L. this Court must, and does, deny and dismiss the plaintiff-appellants' appeal.
The decision of the Board of Certification of Social Workers made on December 3, 1993 is affirmed.
The parties will prepare and present an appropriate Judgment for entry by the Court within fifteen (15) days.